UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY PIGFORD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 97-1978 (PLF) |
| ) | |
| DAN GLICKMAN, Secretary, ) | |
| United States Department of Agriculture, ) | **FILED** |
| ) | |
| Defendant. ) | APR 2 4 2000 |
| ) | |
| CECIL BREWINGTON, et al., ) | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 98-1693 (PLF) |
| ) | |
| DAN GLICKMAN, Secretary, ) | (Re: Claim of Lloyd Shaffer) |
| United States Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

The Court has before it former plaintiff Lloyd Shaffer's motion to enforce a

settlement agreement between him and his wife Linda Shaffer and the United States

Department of Agriculture ("USDA").  On March 17, 2000, the Court heard argument on

Shaffer's motion and requested further briefing on the jurisdictional issues raised by defendant.

Upon consideration of Shaffer's motion, defendant's opposition, Shaffer's reply, defendant's

surreply and the arguments of counsel at the March 17 hearing, the Court must deny Shaffer's

motion for want of jurisdiction.



On January 4, 1999, this Court preliminarily approved a class action settlement in this case between the plaintiff class and the United States Department of Agriculture. <u>See</u> Order of Jan. 4, 1999. On April 4, 1999, the Court determined that the settlement was fair, adequate and reasonable and approved the class action settlement embodied in the consent decree. <u>Pigford v. Glickman</u>, 185 F.R.D. 82 (D.D.C. 1999), *aff'd*, __ F.3d __, 2000 WL 298571 (D.C. Cir. March 31, 2000). Separate and apart from this class action settlement, however, class members Lloyd and Linda Shaffer settled their claims with USDA and opted out of the class on January 9, 1999. <u>See</u> Settlement to Resolve Claims of Lloyd and Linda Shaffer, Aff. of Lloyd Shaffer, Ex. 1 to Plaintiff Lloyd Shaffer's Motion to Enforce Settlement Agreement and Motion for Expedited Consideration. From that day forward, the Shaffers were no longer members of the settling class. Shaffer now alleges that USDA has violated the Shaffer settlement agreement and that as a result he stands to lose his entire farming operation. Shaffer seeks judicial enforcement of the agreement to prevent such loss.

Specifically, Shaffer accuses USDA of violating three provisions of the Shaffer settlement agreement: USDA's promise to pay the Shaffers $430,000; USDA's promise to forgive/release/cancel all of the Shaffers' outstanding indebtedness to the Farm Service Agency; and USDA's promise to give the Shaffers prospective "priority financial and technical assistance" for USDA programs for which they applied. <u>See</u> Shaffer Settlement ¶ 1. Defendant asserts that, while Shaffer ultimately would fail on the merits of his motion because the Shaffer settlement agreement does not in fact provide for the relief Shaffer now claims is due, the Court need not reach the merits because it has no jurisdiction to hear Shaffer's present complaint at all.

2

Defendant cites two jurisdictional bars that ostensibly prevent this Court from considering Shaffer's claim: first, because Shaffer's claim is based on a contract with the United States, it can only be brought in the Court of Federal Claims under the Tucker Act; and second, because Shaffer opted out of the plaintiff class in consideration for the concessions made to him in his settlement agreement with USDA, the Court does not have jurisdiction to hear his present claim. Since the Court concludes that the second jurisdictional bar controls, the Court need not, and does not, address any of the parties' arguments regarding the Tucker Act.

Shaffer suggests that there are at least two grounds for jurisdiction in this case: continuing jurisdiction and ancillary jurisdiction. With respect to his assertion of continuing jurisdiction, Shaffer correctly states that the class action lawsuit originally was brought under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 ("ECOA") and the Administrative Procedure Act, 5 U.S.C. § 706 ("APA"), statutes that provide waivers of sovereign immunity and permit suits against government agencies to enforce rights guaranteed under ECOA and the APA. See Pigford v. Glickman, 185 F.R.D. at 86; see also Bowen v. Massachusetts, 487 U.S. 879, 891-92 (1988); Moore v. United States Dep't of Agriculture, 55 F.3d 991, 994 (5th Cir. 1995). Shaffer's assertion of continuing jurisdiction presumes, however, that he is still a member of the class of plaintiffs entitled to relief in this case. He is not. The settlement agreement between Shaffer and USDA explicitly states that he opted out of the class and thus is no longer a member of the class. See Shaffer Agreement ¶ 4 ("The Shaffers agree to opt out of Pigford v. Glickman, Civil Action No. 97-1978 (PLF) (D.D.C.)."). Because Shaffer is no longer a plaintiff in this case and was not a member of the class when the Court approved the

3

settlement of the class action on April 14, 1999, the Court finds that it does not have

continuing jurisdiction over Shaffer's present motion. See Kokkonen v. Guardian Life Ins.

Co., 511 U.S. 375, 378 (1994) ("Enforcement of [a] settlement agreement . . . requires its

own basis for jurisdiction.").

       With respect to Shaffer's assertion of ancillary jurisdiction, he relies on the

Supreme Court's decision in Kokkonen v. Guardian Life Insurance Company for the

proposition that the Court may exercise jurisdiction "to enable [it] . . . to manage its

proceedings, vindicate its authority, and effectuate its decrees." Kokkonen v. Guardian Life

Ins. Co., 511 U.S. at 380. Kokkonen only permits the exercise of ancillary jurisdiction in a

case like this, however, when the terms of the allegedly breached settlement agreement were

made part of a court order or when the court specifically retains jurisdiction over the settlement

agreement. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. at 381. In this case, the

parties did not even notify the Court of the Shaffer settlement, let alone request that the Court

retain jurisdiction over the agreement or seek the incorporation of its terms in a court order.

       This Court sees no basis for asserting ancillary jurisdiction over a contract

between the defendant and a former plaintiff in this case when the Court was never made aware

of the settlement agreement, when the Court was never asked to approve the agreement, when

the agreement specifically states that the former plaintiff released the defendant from liability

on claims brought in this case and required Shaffer to opt out of the case, when Shaffer in fact

opted out of the class before the class action settlement was finally approved by the Court, and

when the Shaffer settlement agreement is conspicuously devoid of any provision providing for

the retention of jurisdiction by this Court. As the Supreme Court said in Kokkonen:

The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal — either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.  In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

Kokkonen v. Guardian Life Ins. Co., 511 U.S. at 381-82.  See Scelsa v. City University of New York, 76 F.3d 37 (2d Cir. 1996); Sheng v. Starkey Laboratories, 53 F.3d 192 (8th Cir. 1995); Morris v. City of Hobart, 39 F.3d 1105 (10th Cir. 1994).

Upon consideration of the foregoing, it is hereby

ORDERED that Lloyd Shaffer's motion to enforce the settlement agreement between Lloyd and Linda Shaffer and the United States Department of Agriculture [271-1] is DENIED without prejudice.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 4/24/00

5

Copies to:

Mona Lyons, Esq. (counsel for claimant)
Clifford, Lyons & Garde
1620 L Street, NW
Washington, DC 20036-5631
Fax: 202-289-8992

Michael Sitcov, Esq. (defendant's counsel)
U.S. Department of Justice, Civil Division
P.O. Box 883, Room 1022
Washington, DC 20044
Fax: 202-616-8470

Michael Lewis
ADR Associates
1666 Connecticut Avenue, NW
Washington, DC 20009
Fax: 202-328-9162

Randi Ilyse Roth
46 East Fourth Street, Suite 1301
Saint Paul, Minnesota 55101
Fax: 651-223-5335

Alexander J. Pires, Jr.
Conlon, Frantz, Phelan & Pires, LLP
1818 N Street, NW, Suite 700
Washington, DC 20036
Fax: 202-331-9306