FILED

MAY 1 5 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TIMOTHY PIGFORD, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ANN M. VENEMAN, Secretary, ) <br>   United States Department of Agriculture, ) <br> ) <br> Defendant. ) | Civil Action No. 97-1978 (PLF) ✓ |
| CECIL BREWINGTON, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ANN M. VENEMAN, Secretary, ) <br>   United States Department of Agriculture, ) <br> ) <br> Defendant. ) | Civil Action No. 98-1693 (PLF) |

MEMORANDUM OPINION AND ORDER

The Court recently suspended certain deadlines related to the Petition for Monitor Review process in this case. See Memorandum Opinion and Order of April 27, 2001. Recognizing that it was going to be impossible for Class Counsel to meet a May 15, 2001, deadline for petitions with respect to roughly 2,000 claimants, the Court suspended the deadlines to offer Class Counsel the time to meet with and hopefully recruit *pro bono* counsel to assist with these filings. The Court directed Class Counsel, after consulting with potential *pro bono* counsel, to file a motion for an extension of time that would include a realistic



438

schedule for completing the petition process and a plan for incorporating *pro bono* counsel in the process.

The Court now has before it Class Counsel's motion for an extension of time, the government's response and plaintiffs' reply. In their motion, Class Counsel request an extension of an additional four months to complete the process. While the government contends in its response that the proposed schedule is unrealistic, Class Counsel's reply brief includes a revised projection of the number of *pro bono* counsel now willing to assist Class Counsel. Upon consideration of Class Counsel's reply brief, the Court believes that a four month extension of time is both realistic and reasonable. Class Counsel's motion will be granted.

The Court's willingness once again to extend the deadline, however, should not be construed as a change of heart or opinion regarding Class Counsel's performance and conduct throughout the petition process. There are only two reasons why the Court is willing to grant Class Counsel the leeway they certainly do not deserve: (1) because it believes that the class should be protected from the failings of their attorneys; and (2) because it seems very likely that the impressive commitment made by *pro bono* counsel to assist Class Counsel — both with the processing of Petitions for Monitor Review and with a number of the Track B

claims — will be enough to bring this matter to a close within four months in a way that is fair and just to the class.[1]

Finally, Class Counsel is reminded that the breach of their agreement with the government, memorialized in the Court's Stipulation and Order of July 14, 2000, and their deliberate violation of the Court's Order of November 8, 2000, will not go unpunished. The schedule of fines announced in the Court's Order of April 27, 2001, will be repeated here, with slight modifications. Furthermore, the Court will require Class Counsel to file weekly updates with the Court so that counsel's progress can be monitored.

Upon consideration of the foregoing, it is hereby

ORDERED that all deadlines set forth in the Court's Order of November 8, 2000, are permanently suspended. The extended deadline for filing supporting materials or withdrawals of Petitions for Monitor Review involving claimants on Class Counsel's Register of Petitions who received a decision on or before July 14, 2000, is September 15, 2001; it is

FURTHER ORDERED that counsel shall file fully researched, fully briefed, fully documented supporting materials or withdrawals of petitions every Friday, on a weekly basis, until all petitions involving claimants on Class Counsel's Register of Petitions who

---

[1] Of particular note have been the efforts of Robert N. Weiner of Arnold & Porter and Chair of the ABA Committee on Pro Bono and Public Service, Susan M. Hoffman of Crowell & Moring, and Steven B. Scudder, Staff Director of the ABA Committee on Pro Bono and Public Service, to recruit a formidable team of attorneys from many of the nation's premier law firms to assist Class Counsel. See Ex. 1 to Class Counsel's Reply Memorandum. The Court is encouraged by the significant number of attorneys who have agreed to assist with Petitions for Monitor Review, as well as those who have agreed to assume responsibility for litigating Track B cases. The latter commitment, in particular, will remove the heavy burden of Track B litigation from the shoulders of Class Counsel and will allow them to place greater focus on the petition process and their other responsibilities and obligations in this case.

received a decision on or before July 14, 2000, have been filed. Under no circumstances, however, shall the Monitor accept supporting materials or withdrawals that are filed after September 15, 2001; it is

FURTHER ORDERED that the weekly deadlines will be satisfied so long as the filing is postmarked by the Friday that the filings are due. All supporting materials and withdrawals shall be sent to the Facilitator in accordance with previously established practice; it is

FURTHER ORDERED that Class Counsel shall report directly to the Court on a weekly basis regarding their progress and the status of their operations. By 10:00 a.m. on every Monday between the date of this Memorandum Opinion and Order and September 15, 2001, Class Counsel shall file with the Clerk's Office and hand-deliver or fax to Chambers and to the government a report that will include the following information:

> (1) How many claimants' supporting materials or withdrawals were filed with the Facilitator the previous Friday;
>
> (2) Exactly how many claimants' supporting materials or withdrawals remain to be filed;
>
> (3) The name of each attorney who is currently employed by Class Counsel and assisting with the petitions, as well as the name of each attorney who is assisting Class Counsel on a *pro bono* basis with the petitions. Each attorney shall be identified as a full time attorney (working 40 hours or more per week on the petitions), a part time attorney (working 20-39 hours), an occasional attorney (1-19 hours), or a prospective attorney (has not yet worked any hours, but is scheduled to or has agreed to do so).
>
> (4) A summary of Class Counsel's efforts during the previous week to hire or acquire additional *pro bono* assistance or additional attorneys to assist with the Petitions for Monitor Review; and

(5) *A best estimate of when Class Counsel expects to complete the petitions involving claimants on Class Counsel's Register of Petitions who received a decision on or before July 14, 2001;* it is

FURTHER ORDERED that the Monitor shall continue to submit monthly reports to the Court pursuant to Paragraph 12(b)(i) of the Consent Decree based on information provided by the Facilitator that summarize Class Counsel's progress. The next report, which shall cover the period of time from March 16, 2001, to May 15, 2001, is due on May 31, 2001. Subsequent reports shall be filed on the last days of June, July, August, and September and shall cover the time periods from the 16th of the preceding month through the 15th of the month during which the report is filed; it is

FURTHER ORDERED that after all petitions on Class Counsel's Register of Petitions have been supplemented or withdrawn, Class Counsel will be fined for each day after May 15, 2001, that their obligation was not complete. Class Counsel will be fined $1,000 for each day during the first month after the deadline that all supporting materials or withdrawals were not filed, $2,000 for each day during the second month after the deadline, $3,000 for each day during the third month after the deadline, and $4,000 for each day during the fourth month after the deadline. In addition, for each petition that the Monitor reports was not supported or withdrawn by the ultimate deadline of September 15, 2001, Class Counsel will be fined $50,000. Fines collected from Class Counsel will be placed in the Registry of the Court until such time as the Court rules on a future motion for attorneys' fees or when the parties settle such a motion; at such time the Court will order that all funds in the Registry be paid to the government; and it is

FURTHER ORDERED that at a date to be determined, but not before September 15, 2001, the Court will hold a hearing to review the conduct of Class Counsel with respect to Petitions for Monitor Review. At that time the Court will consider whether additional sanctions, fines or other measures are necessary to address Class Counsel's conduct.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 5/15/0'

Copies to:

Alexander J. Pires, Jr.
Conlon, Franz, Phelan & Pires
1818 N Street, NW, Suite 700
Washington, DC 20036
202-331-7050
202-331-9306 (fax)

J.L. Chestnut, Jr.
Rose M. Sanders
Chestnut, Sanders, Sanders & Pettaway
P.O. Box 1305
Selma, Alabama 36702
334-875-9264
334-875-9853 (fax)

Jacob A. Stein
David U. Fierst
Stein, Mitchell & Mezines, L.L.P.
1100 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036
202-737-7777
202-296-8312 (fax)

Michael Sitcov
Terry M. Henry
U.S. Department of Justice, Civil Division
901 E Street, NW
Room 920
Washington, DC 20044
202-514-1944
202-616-8187 (fax)

Michael Lewis
ADR Associates
1666 Connecticut Avenue, NW
Washington, DC 20009
202-332-0490
202-328-9162 (fax)

Randi Ilyse Roth
Office of the Monitor
46 East Fourth Street, Suite 1301
Saint Paul, Minnesota 55101
651-229-0991
651-229-0992 (fax)

Nicole Fahey
Julie Redell
Poorman-Douglas Corporation
10300 SW Allen Blvd
Beaverton, OR 97005
503-350-5800
503-350-5890 (fax)

Lester Levy
JAMS
2 Embarcadero Center
Suite 1100
San Francisco, CA 94111
415-982-5267
415-982-5287 (fax)

Robert N. Weiner
Arnold & Porter
555 12th Street NW
Washington, D.C. 20004
202-942-5855
202-942-5999 (fax)

Susan M. Hoffman
Crowell & Moring
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004
202-624-2591
202-628-5116 (fax)

1, 3, 13 / 16