IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY C. PIGFORD, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MIKE JOHANNS, SECRETARY, )<br>THE UNITED STATES DEPARTMENT )<br>OF AGRICULTURE, )<br>)<br>Defendant. )<br>_____) | **FILED**<br>APR 2 1 2005<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT<br><br>Civ. Action No. 97-1978 (PLF) |
| CECIL BREWINGTON, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MIKE JOHANNS, SECRETARY, )<br>THE UNITED STATES DEPARTMENT )<br>OF AGRICULTURE )<br>Defendant. )<br>_____) | Civ. Action No. 98-1693 (PLF) |

### STIPULATION AND ORDER

WHEREAS, paragraph 11 of the Consent Decree provides that certain class-wide injunctive relief will be provided to class members who prevail under paragraphs 9 or 10 of the Consent Decree; and

WHEREAS, such injunctive relief includes priority consideration, on a one-time basis, for the purchase, lease, or other acquisition of inventory property (¶ 11(a)); priority consideration for one direct farm ownership loan and one direct farm operating loan (¶ 11(b)); having any

application for a farm ownership or operating loan or for inventory property viewed in a light most favorable to the class member and the amount and terms of any loan the most favorable to the class member (¶ 11(c)); and providing the class member with reasonable technical assistance and service, including the assistance of qualified USDA employees who are acceptable to the class member, in conjunction with any application for a farm ownership or operating loan (¶ 11(d)); and

WHEREAS, any class member who prevails on an ECOA claim under paragraph 9(a) or paragraph 10 of the Consent Decree is entitled to all of the injunctive relief set forth in paragraph 11 of the Consent Decree; and

WHEREAS, any class member who prevails solely under 9(b) of the Consent Decree is entitled only to the injunctive relief set forth in subparagraphs 11(c) and 11(d) of the Consent Decree; and

WHEREAS, the injunctive relief set forth in subparagraphs 11(a), (b), and (c) of the Consent Decree must have been exercised within 5 years of the date of the Consent Decree (April 14, 2004); and

WHEREAS, the injunctive relief set forth in subparagraph 11(d) of the Consent Decree has no explicit deadline for exercising such relief; and

WHEREAS, in 2003 USDA voluntarily extended the deadline for class members to exercise injunctive relief under subparagraphs 11(a), (b), and (c) of the Consent Decree to April 14, 2005; and

WHEREAS, in March of 2005 USDA voluntarily extended the deadline for class

2

members to exercise injunctive relief under subparagraphs 11(a), (b), and (c) of the Consent Decree to April 14, 2005, or one year after the date on which the class member completed the Consent Decree claims process, whichever is later; and

WHEREAS, the parties did not anticipate that the Consent Decree claims process would last as long as it has, thus precluding some prevailing claimants from having a meaningful opportunity to exercise their rights to injunctive relief, and

WHEREAS, a class member must notify USDA in writing that the class member is exercising his or her right to priority consideration on a farm ownership or operating loan or the acquisition of inventory property (¶ 11(a)-(b));

WHEREAS, either party has 120 days from the date of an initial Adjudicator or Arbitrator decision to file a petition for Monitor review of that decision;

NOW, THEREFORE, it is hereby stipulated and ordered that:

1. The deadline for class members to exercise their right to injunctive relief under subparagraphs 11(a), (b), and (c) of the Consent Decree is April 14, 2005, or two years after the date on which the prevailing class member has completed the Consent Decree claims process, whichever is later;

2. The deadline for class members to exercise their right to injunctive relief under subparagraphs 11(d) of the Consent Decree is April 14, 2006, or two years after the date on which the prevailing class member has completed the Consent Decree claims process, whichever is later;

3. A class member's written request for priority consideration on inventory property or on a farm ownership or farm operating loan pursuant to subparagraphs 11(a) and (b), respectively, of the Consent Decree must be submitted along with an actual application for inventory property or for a loan, or used for a pending application for inventory property or for a loan, in order for such priority consideration to be provided and in order to determine if such request for priority consideration is timely under paragraph 1, above, of this Stipulation and Order.

4. The phrase "the date on which the prevailing class member has completed the Consent Decree claims process" as used in paragraphs 1 and 2 above, is defined to mean:

   a. 120 calendar days after the date of an initial Adjudicator or Arbitrator decision when neither party files a timely petition for Monitor review of such decision; or

   b. The date of a Monitor decision declining to direct reexamination of an Adjudicator or Arbitrator decision; or

   c. The date of a reexamination decision by the Adjudicator or Arbitrator.

5. A prevailing class member may not obtain injunctive relief pursuant to paragraph 11 of the Consent Decree prior to 120 days of the date of the initial Adjudicator or Arbitrator decision on which they prevail. A request for injunctive relief submitted by a class member within the 120-day period will be accepted by the agency, but will not be processed until 120 days after the date of the initial Adjudicator or Arbitrator decision. If the agency files a timely petition for Monitor review, the request will not be processed until the class member has completed the Consent Decree claims process.

6. The Monitor will send each class member who has prevailed in either an Adjudicator or Arbitrator decision issued through the date of this Stipulation and Order written notice of the contents of this Stipulation and Order.

7. Copies of this Stipulation shall be posted in a conspicuous public place in every FSA county office.

8. Any person who objects to any aspect of this Stipulation and Order shall submit his or her objections in writing no later than 30 calendar days from the date of the entry of this Order.

Conlon, Frantz, Phelan & Pires, LLP
Alexander J. Pires, Jr. #185009
David J. Frantz #202853
1818 N Street, N.W. – Suite 700
Washington, DC 20036
(202) 331-7050

Phillip L. Fraas #211219
3050 K Street, N.W. – Suite 400
Washington, DC 20007
(202) 342-8451

Chestnut, Sanders, Sanders,
Pettaway & Campbell, LLC
J.L. Chestnut, Jr.
1 Union Street.
Selma, AL 36701
(334) 875-9264

Class Counsel

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

Michael Sitcov
United States Department of Justice
Civil Division
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
(202) 514-1944

Counsel for the Defendant

SO ORDERED:

Paul L. Friedman
United States District Judge

Date: April 21, 2005