UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY PIGFORD, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MIKE JOHANNS, Secretary, )<br>   United States Department of Agriculture, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 97-1978 (PLF) |
| CECIL BREWINGTON, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MIKE JOHANNS, Secretary, )<br>   United States Department of Agriculture, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 98-1693 (PLF) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Elmore and Ludean Hicks' motion to enforce the Consent Decree. The movants are African-American farmers who filed a claim pursuant to the Consent Decree in this case.[1] On November 1, 1999, the Adjudicator approved the movants'

---

[1] It is not clear whether both Elmore and Ludean Hicks filed a joint claim or if Elmore Hicks alone filed a claim. While both have moved to enforce, the page of the decision they have attached to their motion lists only Elmore Ludean. See Motion to Enforce Consent Decree ("Mot. to Enforce"), Attachment B. The relevant claim sheet, provided by the government in its opposition to the motion lists both Elmore and Ludean Hicks' names on its first page as, respectively, the "Farmer's Name" and the "Spouse's Name." See Defendant's Opposition to Motion by Elmore and Ludean Hicks to Enforce Consent Decree ("Def's Opp."), Exhibit 1.

claim as a credit claim and ordered that the movants receive the relief accorded to credit claims (which includes, among other things, a cash payment of $50,000). Since that time, movants allege that they have not received the relief granted. Movants sent a letter to the Monitor on August 16, 2005, requesting that she direct the defendant to award the relief granted in the November 1, 1999 letter, pursuant to Paragraph 12(b)(ii) and (c) of the Consent Decree. See Mot. to Enforce, Attachment A. Thereafter, the movants filed this motion with the Court, pursuant to Paragraph 13 of the Consent Decree.

Defendant's opposition to the motion and a brief submitted by class counsel for the plaintiffs describe more fully the circumstances under which movants have not received the relief they were awarded in the Adjudicator's November 1, 1999 decision. According to both class counsel and defendant, the Adjudicator's November 1, 1999 decision in this case was followed by a February 29, 2000 "Amended" Adjudicator decision, attached as an exhibit to both the government's opposition brief and class counsel's brief. See Def's Opp, Exhibit 2; Plaintiffs' Response to Motion by Elmore and Ludean Hicks to Enforce Consent Decree ("Pls' Response"), Exhibit 3. This "Amended" decision purportedly supplants the November 1, 1999 decision and awarded Mr. Hicks only $3,000 of non-credit relief. The defendant reports that Mr. Hicks was paid the $3,000 on May 1, 2001. See Def's Opp. at 2, Exhibit 3.

The government argues first that this motion must be denied because the movants did not seek Monitor review of the Amended Adjudicator decision within the time period

---

Whether the award was made to Elmore Hicks alone or Elmore and Ludean Hicks jointly, the Court will proceed to decide the motion, as it is clear that Elmore Hicks, at least, has standing to seek relief by filing this motion. The parties have thus far not disputed Ludean Hicks' standing to enforce the consent decree, and therefore the Court will regard her as having standing to do so.

allowed. According to Paragraph 9(b)(v) of the Consent Decree "[t]he decision of the adjudicator shall be final, except as provided by ¶ 12(b)(iii), below. The parties hereby agree to forever waive their right to seek review in any court or before any tribunal of the decision of the adjudicator with respect to any claim that is, or could have been decided by the adjudicator." Paragraph 12(b)(iii) grants to the Monitor, in general terms, the power to direct reexamination of facilitator, adjudicator, or arbitrator claims where the Monitor determines that there has been "a clear and manifest error . . . in the screening, adjudication, or arbitration of the claim and has resulted or is likely to result in a fundamental miscarriage of justice." The general powers given the Monitor by the Consent Decree have been fleshed out in later stipulations and orders of this Court. The July 14, 2000 Stipulation and Order clarifies the deadline that claimants must satisfy if they wish to seek Monitor review pursuant to Paragraph 12(b)(iii), giving them 120 days from the date of the Order or from the date of an adverse decision (whichever is later) to petition for monitor review. See July 14, 2000 Stipulation and Order ¶ 5. Therefore, in the government's view, the movants should have petitioned for review of the "Amended" Adjudicator decision within 120 days of the July 14, 2000 Order (it being later than the "Amended" decision).

The Court disagrees. It appears that the movants by their motion to enforce are not petitioning for review of the "Amended" Adjudicator decision. Rather, they are standing on their rights under the Adjudicator's initial decision. The fact of the two separate decisions raises an issue of which decision is valid and enforceable. Indeed, the movants could well argue that if the "Amended" decision is not valid or enforceable, it is the *government* that has missed the deadline to petition for Monitor review. The Consent Decree does not by its terms speak to this issue or contemplate "Amended" Adjudicator decisions. Therefore, the Hicks' Motion to

Enforce involves a legal interpretation of the Consent Decree and the enforceability of one decision or another, and not the merits-based review of a particular decision contemplated in the Monitor review for which the Consent Decree provides.

The government also argues that even if the movants are not required to proceed pursuant to Paragraph 12(b)(iii) of the Consent Decree, they still have not properly brought this motion to enforce pursuant to other provisions of the Consent Decree. See Def's Opp. at 3-4. Under Paragraph 12(b)(ii), the Monitor is authorized to "[a]ttempt to resolve any problems that any class member may have with respect to any aspect of this Consent Decree." Consent Decree ¶ 12(b)(ii). If she is unable to resolve a problem brought to her attention under Paragraph 12(b)(ii) within 30 days, then according to Paragraph 12(c) she "*may* file a report with the parties' counsel who *may*, in turn, seek enforcement of this Consent Decree pursuant to ¶ 13" (emphasis added). The government argues that the filing of this report is a necessary prerequisite for a class member pursuing enforcement of the Consent Decree under Paragraph 13 (entitled "Enforcement Procedures") of the Consent Decree. See Def's Opp. at 4.

The Court disagrees. The Consent Decree authorizes the Monitor to attempt to resolve class member problems and authorizes her to file a report with the parties on those problems if they are not resolved within 30 days. See Consent Decree ¶¶ 12(b)(ii), 12(c). It certainly does not *require* the parties to seek her assistance in resolution.[2] Indeed, the Consent Decree does not even require that the Monitor herself resolve these generalized problems or file the suggested report, stating only that she shall "attempt" to solve them and "may" file a report

---

[2] The parties, of course, are always well advised to take advantage of the Monitor as a resource for resolution.

on the matter. Consent Decree ¶¶ 12(b)(ii), 12(c). The Consent Decree merely provides one mechanism through which a dispute may be resolved and by which the Monitor may assist in resolving it, not the only mechanism under which a class member may proceed.

Most importantly, Paragraph 13 of the Consent Decree, which enumerates the steps that a person must follow to file a motion to enforce, never references Paragraph 12 or the Monitor's role in generalized dispute resolution as a prerequisite of proceeding with a motion to enforce the consent decree:

> 13.     <u>Enforcement Procedures</u>
>
> Before seeking any order by the Court concerning the alleged violation of any provision of this Consent Decree, the parties must comply with the following procedures:
>
> (a)  The person seeking enforcement of a provision of this Consent Decree shall serve on his opponent a written notice that describes with particularity the term(s) of the Consent Decree that are alleged to have been violated, the specific errors or omissions upon which the alleged violation is based, and the corrective action sought. The person alleging the violation shall not inform the Court of his allegation at that time.
>
> (b)  The parties shall make their best efforts to resolve the matter in dispute without the Court's involvement. If requested to do so, the movant shall provide to his opponent any information and materials available to the movant that support the violation alleged in the notice.
>
> (c) The person who served notice of violation pursuant to subparagraph (a), above, may not move for enforcement of this Consent Decree until at least 45 days after the date on which he served the notice.

Consent Decree ¶ 13. The Court, therefore, will examine the Motion to Enforce only to determine whether the movants have complied with the procedures set forth in Paragraph 13 of

5

the Consent Decree.

The government argues that the motion must be denied because movants have failed to serve it with the 45 days notice required by Paragraph 13(c) of the Consent Decree. This requirement specifically provides that a person may not file a motion to enforce until after the expiration of 45 days after he or she provides written notice to the defendant of the specifics of the dispute. This provision was included to give the parties the opportunity to comply with section (b) of Paragraph 13, that is, so that they could "make their best efforts to resolve the matter in dispute without the Court's involvement." Consent Decree ¶ 13(b). The movants have not indicated in their motion that they have served notice prior to filing this motion or disputed the government's contention. The government is correct that the movants have failed to comply with the requirements of Paragraph 13. For this reason, and this reason alone, the Court must deny this motion to enforce.

Elmore and Ludean Hicks filed this motion to enforce pro se. Without the assistance, advice or advantage of legal counsel, they attempted to follow the provisions of the Consent Decree, as best they could, by asking the Monitor for assistance pursuant to Paragraph 12(b)(ii) and (c) before bringing this motion pursuant to Paragraph 13(c) of the Consent Decree. See Mot. to Enforce at 1-2.[3] Simply because they were not able, as pro se movants, to comply exactly with the dictates of the complex legal agreement that governs the procedures in this case does not mean that this matter has been entirely disposed of. The movants have brought to the Court's attention a serious matter that requires resolution. One means of resolution available to

---

[3] A paralegal prepared the motion for the movants, but they are not represented and appear before this Court pro se. See Mot. to Enforce at 3.

the parties and movants in this case would be to discuss and negotiate this problem with the assistance of the Monitor, pursuant to Paragraph 12(b)(ii) of the Consent Decree. The Court, therefore, will refer this matter to the Monitor for mediation and, hopefully, resolution.[4] Another means by which the movants can resolve this matter is to refile their motion to enforce the consent decree after having followed the procedures set forth in Paragraph 13 of the Consent Decree and as clarified in this Memorandum Opinion -- that is, by serving a notice to the defendant of the alleged violation, waiting the requisite 45 days, and bringing the motion to enforce in this Court if the matter has not been resolved to their satisfaction. In furtherance of that possibility, the Court will order that class counsel assist the pro se movants in preparing a notice that complies with the requirements of Paragraph 13(c) of the Consent Decree.

For all of these reasons, it is hereby

ORDERED that this matter is referred to the Monitor in an attempt to resolve the problems raised in this motion. If the parties and movants decide to make use of the Monitor's assistance, she shall conclude discussions in this matter on or before April 28, 2006 (unless an extension of time is requested); it is

FURTHER ORDERED that class counsel shall provide assistance to the pro se movants, if they so desire, to prepare a notice that complies with the enforcement procedures of Paragraph 13 of the Consent Decree or to proceed under the mechanisms provided by the

---

[4] The Court emphasizes here that the assistance of the Monitor in resolving this problem pursuant to her authority in Paragraph 12(b)(ii) of the Consent Decree is not a prerequisite to filing a motion to enforce, nor is the issuance of a Monitor report to the parties, pursuant to Paragraph 12(c) of the Consent Decree, as discussed above. While it is always desirable for parties to settle disputes among themselves, it is not required by the Consent Decree or this Memorandum Opinion and Order that any of the parties participate in negotiations with Monitor assistance if they do not desire to do so.

Consent Decree and explained in this Memorandum Opinion and Order; and it is

FURTHER ORDERED that the motion to enforce the consent decree [1216] is DENIED without prejudice.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  February 23, 2006

*Copies to:*

Michael Sitcov, Esq.
U.S. Department of Justice, Civil Division
P.O. Box 883, Room 1022
Washington, D.C. 20044

Alexander J. Pires, Jr., Esq.
Conlon, Frantz, Phelan & Pires, LLP
1818 N Street, N.W.
Suite 700
Washington, D.C. 20036

Phillip L. Fraas, Esq.
3050 K Street, N.W., Suite 400
Washington, D.C. 20007-5108

J.L. Chestnut, Jr., Esq.
Chestnut, Sanders, Sanders,
Pettaway, Campbell & Albright, LLC
1 Union St.
Selma, AL 36701

Kenneth W. Barton
Butler, Snow, O'Mara, Stevens & Cannada
Deposit Guaranty Plaza, 17th Floor
210 East Capitol Street
Jackson, Mississippi 39201

Randi Ilyse Roth, Esq.
Office of the Monitor
46 East Fourth Street, Suite 1301
Saint Paul, Minnesota 55101

Anthony Herman, Esq.
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004

Thomas W. Kirby, III, Esq.
1776 K Street, N.W.
Washington, DC 20006

Michael Lewis, Esq.
ADR Associates
1666 Connecticut Avenue, N.W.
Washington, D.C. 20009

Lester Levy
JAMS
2 Embarcadero Center
Suite 1100
San Francisco, CA 94111

Julie Redell
Nicole Fahey
Poorman-Douglas Corporation
10300 SW Allen Blvd.
Beaverton, Oregon 97005

Elmore and Ludean Hicks
479 County Road 36
Maplesville, Alabama 36750