UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY PIGFORD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MIKE JOHANNS, Secretary, <br> United States Department of Agriculture, <br><br> Defendant. | Civil Action No. 97-1978 (PLF) |
| CECIL BREWINGTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MIKE JOHANNS, Secretary, <br> United States Department of Agriculture, <br><br> Defendant. | Civil Action No. 98-1693 (PLF) |

MEMORANDUM OPINION AND ORDER

On December 7, 2005, Elmore and Ludean Hicks, two class members, filed a motion to enforce the Consent Decree entered in this case. The Hickses claimed in their motion that they had not received the relief awarded them by the Adjudicator in a Track A claim pursuant to the Consent Decree. On November 1, 1999, the Adjudicator approved the Hickses' claim as a credit claim and ordered that they receive the relief accorded to credit claims (which includes, among other things, a cash payment of $50,000). Since that time, the Hickses allege that they have not received the relief granted. Mr. and Mrs. Hicks sent a letter to the Monitor on

August 16, 2005, requesting that she direct the defendant to award the relief granted in the November 1, 1999 letter, pursuant to Paragraph 12(b)(ii) and (c) of the Consent Decree.  See Hicks' Motion to Enforce the Consent Decree, Attachment A [Docket No. 1216].  Thereafter, the Hickses filed a motion to enforce the consent decree with the Court, pursuant to Paragraph 13 of the Consent Decree.

Defendant's opposition to the motion and a brief submitted by class counsel for the plaintiffs describe more fully the circumstances under which the Hickses have not received the relief they were awarded in the Adjudicator's November 1, 1999 decision. According to both class counsel and defendant, the Adjudicator's November 1, 1999 decision in this case was followed by a February 29, 2000 "Amended" Adjudicator decision, attached as an exhibit to both the government's opposition brief and class counsel's brief.  See Defendant's Opposition to Motion by Elmore and Ludean Hicks to Enforce Consent Decree ("Def's Opp."), Exhibit 2 [Docket No. 1222];  Plaintiffs' Response to Motion by Elmore and Ludean Hicks to Enforce Consent Decree ("Pls' Response"), Exhibit 3 [Docket No. 1225].  This "Amended" decision purportedly supplants the November 1, 1999 decision and awarded Mr. Hicks only $3,000 of non-credit relief.  The defendant reports that Mr. Hicks was paid the $3,000 on May 1, 2001.  See Def's Opp. at 2, Exhibit 3.

In a footnote on the second page of their response, class counsel states:

In 2002 the parties were notified of a group of decisions that had been amended from credit awards to non-credit awards two years earlier.  Class Counsel has been informed by the Facilitator that the Hicks' case was included in this group.  Defendant and Class Counsel each reviewed these decisions and, at that time, did not raise any objections to the amended decisions.  Class Counsel does not recall the criteria used by the Adjudicator in determining that a

>case should have been converted from credit to non-credit nor the scope of the parties' review. However, if this process resulted in an erroneous conversion of a claim from credit to non-credit, Class Counsel believes that the original decision should stand.

Pls' Response at 2, n.1. The Court is disturbed by these revelations and what Elmore and Ludean Hicks' motion has brought to light.

The Consent Decree and successive stipulations and orders of this Court elucidating the Consent Decree provide no authority that the Court can find for the Adjudicator to "amend" or reverse its own decision. The Consent Decree states in relevant part:

>The decision of the adjudicator shall be final, except as provided by ¶ 12(b)(iii), below. The parties hereby agree to forever waive their right to seek review in any court or before any tribunal of the decision of the adjudicator with respect to any claim that is, or could have been decided by the adjudicator.

Consent Decree ¶ 9(a)(v). Paragraph 12(b)(iii), referenced by this paragraph, provides for Monitor review of Adjudicator decisions and then for the Monitor to direct the Adjudicator to reexamine claims "where the Monitor determines that a clear and manifest error has occurred . . . and has resulted or is likely to result in a fundamental miscarriage of justice." Consent Decree ¶ 12(b)(iii). The process by which a person or party may petition for Monitor review has been the subject of numerous court orders and stipulations. In none of these orders or stipulations is it contemplated that the Monitor's right of review – the only means of review contemplated in the Consent Decree – is granted to the Adjudicator to review itself. The Court is unsure from where the Adjudicator thinks it draws this authority purportedly to "Amend" – but in fact substantively to reverse – a decision rendered months earlier.[1]

---

[1] The Court recognizes the need for a certain degree of flexibility in administering the Consent Decree and allowing for circumstances not specifically addressed in it. For example,

3

Just as disturbing to the Court is the form of the "Amended" Adjudicator decision in the Hicks' case, and possibly in others in this group of cases cited by class counsel. In attachments to its filing, class counsel has provided the Court with copies of the November 1, 1999 and February 29, 2000 Adjudicator decisions relating to the Hickses' claim. Pls' Response, Exhibits 2, 3. The earlier decision is labeled "Original" and the subsequent one is labeled "Amended." See id. The Court is unsure if these labels were added by the parties or included by the Adjudicator itself (although it is hard to imagine that the Adjudicator would have labeled the first decision "Original" with the knowledge in advance that it would be amending its decision). Setting aside these labels, the Court notes that the first page of each three page decision is identical and states that the claimant has succeeded in establishing a claim by substantial evidence. See id. The second page, entitled "Statement of Decision" is also identical in each document in its description of Elmore Hicks' claim. Only in the third page of each decision, entitled "Relief," do the initial and subsequent decisions differ. The relief granted on the third page of the November 1, 1999 decision was:

> 1. A cash payment of $50,000. This payment will be sent to you within approximately 60 days of the date shown below.
>
> 2. An additional payment of 25% of the cash payment of $50,000 described in ¶ 1 which shall be made by electronic means directly from the Judgment Fund to the Internal Revenue Service.
>
> 3. You will be sent Internal Revenue Service Form 1099, documenting the cash payment of $50,000 described in ¶1, and the additional 25% payment described in ¶2 above.

---

the Court can contemplate the necessity of the Arbitrator or Adjudicator reissuing a decision for the purpose of correcting a clerical error, such as a misspelled name, a misplaced decimal point, or an incorrect mailing address. The purported amendment to the Hicks' decision, however, is substantive in nature and appears directly to contravene specific portions of the Consent Decree.

> 4. Injunctive relief pursuant to the Consent Decree.

Pls' Response Exhibit 2 at 3. The relief granted on the third page of the February 29, 2000 decision is as follows:

> 1. A payment in the amount of the benefit wrongly denied but only to the extent that funds, which may be lawfully used for that purpose, are presently available.
>
> • **Conservation Reserve Program for 1990**
>
> USDA will advise you of the amount of this relief within approximately 45 days of the date shown below.
>
> 2. Injunctive relief pursuant to the Consent Decree.

Pls' Response Exhibit 3 at 3 (emphasis in original). This "Amended" decision does not even say that the $50,000 award has been voided or identify the new "amount of relief" as being certainly less than $50,000.[2]

The Court does not know if any further explanatory materials were mailed to the Hickses or others with this kind of "Amended" decision or thereafter, but the form of this later decision, as identical to the earlier one as it is, likely was extremely misleading to anyone receiving it. Indeed, one has to delve deeply into the document to notice any change. No explanation that this "Amended" decision overturns or purports to replace the earlier one is given. Furthermore, nowhere in the second decision does it state that the relief provided under the Conservation Reserve Program for 1990 is not the relief stated in the original decision, that is the $50,000 cash payment and other forms of debt relief. Even a sophisticated legal observer would need to understand the history of the <u>Pigford</u> claim process to understand that the relief

---

[2] The amount of relief for non-credit claimants was set at $3,000 in this Court's February 7, 2001 stipulation and order.

awarded in the first decision was that due to a successful credit claimant, while that awarded in the second decision was an unspecified amount, later to be determined, due to a successful non-credit claimant. The unsophisticated reader might well think that the relief given in the second decision was merely restating the relief given in the first. In fact, the difference in the cash payments alone between credit and non-credit relief was $47,000. The Court seriously questions whether the Hickses had proper notice or could have had proper notice of the change in their decision from the papers they received.

Class counsel indicates in their footnote that they have been aware of this practice of "Amended" Adjudicator decisions since 2002. The Court, however, has not been aware of the practice and, given the issues raised by the fact of and manner of these amendments, needs to know more. For all of these reasons, it is hereby

ORDERED that the Monitor shall report to the Court on or before March 13, 2006 on the subject of "Amended" Adjudicator decisions. The Monitor shall investigate and report to the Court with respect to the following matters:

1.   How many Adjudicator decisions have been amended such that the "Amended" decision resulted in substantive changes to the relief awarded in the initial Adjudicator decision.

2.   What relief, if any, was awarded in each of the substantively "Amended" Adjudicator decisions, and how it differed from the relief awarded in any earlier Adjudicator decisions on the same claims.

3.   Whether any of those class members receiving an "Amended" Adjudicator decision have petitioned for Monitor review pursuant to Paragraph 12(b)(iii) of the Consent

decree on the basis of either the original or the "Amended" decision.

        4.       What the outcome has been, if any, of those Monitor reviews.

        5.       What relief, if any, class members whose Adjudicator decisions were substantively amended have actually received from the government.

Finally, the Monitor shall provide to the Court, with the assistance of the Adjudicator and Facilitator, actual and unaltered copies of the original and "Amended" decisions sent to any and all class members who received an "Amended" decision.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  February 23, 2006

*Copies to:*

Michael Sitcov, Esq.
U.S. Department of Justice, Civil Division
P.O. Box 883, Room 1022
Washington, D.C. 20044

Alexander J. Pires, Jr., Esq.
Conlon, Frantz, Phelan & Pires, LLP
1818 N Street, N.W.
Suite 700
Washington, D.C. 20036

Phillip L. Fraas, Esq.
3050 K Street, N.W., Suite 400
Washington, D.C. 20007-5108

J.L. Chestnut, Jr., Esq.
Chestnut, Sanders, Sanders,
Pettaway, Campbell & Albright, LLC
1 Union St.
Selma, AL 36701

Kenneth W. Barton
Butler, Snow, O'Mara, Stevens & Cannada
Deposit Guaranty Plaza, 17th Floor
210 East Capitol Street
Jackson, Mississippi 39201

Randi Ilyse Roth, Esq.
Office of the Monitor
46 East Fourth Street, Suite 1301
Saint Paul, Minnesota 55101

Anthony Herman, Esq.
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004

Thomas W. Kirby, III, Esq.
1776 K Street, N.W.
Washington, DC 20006

Michael Lewis, Esq.
ADR Associates
1666 Connecticut Avenue, N.W.
Washington, D.C. 20009

Lester Levy
JAMS
2 Embarcadero Center
Suite 1100
San Francisco, CA 94111

Julie Redell
Nicole Fahey
Poorman-Douglas Corporation
10300 SW Allen Blvd.
Beaverton, Oregon 97005

Elmore and Ludean Hicks
479 County Road 36
Maplesville, Alabama 36750