IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TIMOTHY C. PIGFORD, et al.,           )<br>                                                        )<br>            Plaintiffs,                         )<br>                                                        )<br>v.                                                    )<br>                                                        )<br>MIKE JOHANNS, SECRETARY,    )<br>THE UNITED STATES DEPARTMENT )<br>OF AGRICULTURE,                         )<br>                                                        )<br>            Defendant.                       )<br>_____)<br>                                                        )<br>CECIL BREWINGTON, et al.,         )<br>                                                        )<br>            Plaintiffs,                         )<br>                                                        )<br>v.                                                    )<br>                                                        )<br>MIKE JOHANNS, SECRETARY,    )<br>THE UNITED STATES DEPARTMENT )<br>OF AGRICULTURE                          )<br>            Defendant.                        )<br>_____) | **FILED**<br>JUN 2 9 2006<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT<br><br>Civ. Action No. 97-1978 (PLF)<br><br><br><br><br><br><br><br><br><br>Civ. Action No. 98-1693 (PLF) |

## STIPULATION AND ORDER

WHEREAS, the parties desire to expedite, to the greatest extent possible, the final disposition of class members' claims under the Consent Decree entered in these actions;

WHEREAS, there are petitions for Monitor review now pending before the Monitor that include both credit and non-credit claims; and

WHEREAS, the Monitor review process for these petitions may be expedited if the Monitor is allowed to sever the credit claims from the non-credit claims and decide them separately;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. Where a petition for reexamination filed under ¶ 12(b)(3) of the Consent Decree entered in these actions includes both credit and non-credit claims, the Consent Decree Monitor may, with the petitioning party's consent, sever the credit claims from the non-credit claims and decide them separately. The Monitor's characterization of a claim as a credit claim or non-credit claim for purposes of this Stipulation and Order shall not be binding on the Adjudicator or Arbitrator.

2. The Monitor may not sever credit claims from non-credit claims pursuant to ¶ 1, above, until at least 30 days after the Facilitator has provided written notice of the Monitor's intent to sever the claims to: (a) the petitioning party's attorney, or to the petitioning party if he is proceeding pro se; (b) the non–petitioning party's attorney, or to the non-petitioning party if he is proceeding pro se; and (c) class counsel. A copy of the Notice is attached as Exhibit A hereto. If the petitioning party's attorney -- or the petitioning party, if he is proceeding pro se – does not object in writing to the Monitor's proposal to sever the petitioners' claims within 30 days of the Facilitator's notice, the party will be deemed to have consented to the severance and the Monitor shall be authorized to sever the claims.

3. In the event the Monitor severs a petitioning party's credit claims from his non-credit claims pursuant to ¶ 1, above, she may decide them separately and in whatever order she elects. In such a case, the Monitor may, when deciding whether to direct reexamination of the severed claims she retained, consider: (a) the materials described in ¶ 8(e) of the April 4, 2000 Order of

Reference; (b) her decision on severed claims she previously decided; and (c) the Adjudicator's or Arbitrator's reexamination decision, if any, on the petitioner's claim she previously decided.

4. If defendant finally prevails on a claimant's credit claims that were severed from the claimant's non-credit claims pursuant to ¶ 1, above, defendant may take such action as may be necessary to satisfy the claimant's outstanding debt to USDA, without regard to the status of the claimant's non-credit claims.

5. If a claimant finally prevails on a credit claim that was severed from a non-credit claim pursuant to ¶ 1, above, defendant shall provide the relief specified in ¶ 9(a)(iii) of the Consent Decree, without regard to the status of the claimant's non-credit claim.

6. Any person who objects to this Stipulation and Order shall file his or her objections in writing no later than 30 calendar days from the date of its entry.

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

_____
Michael Sitcov
United States Department of Justice
20 Massachusetts Avenue, N.W.
Washington, D.C. 20001
(202) 514-1944
michael.sitcov@usdoj.gov

Counsel for the Defendant

DATE: 6/29/06

CONLON, FRANTZ, PHELAN
& PIRES, LLP

_____
Alexander J. Pires, Jr. #185009
David J. Frantz #202853
Anurag Varma #471615
1818 N Street, N.W. #400
Washington, D.C. 20036
(202) 331-7050
dfrantz@conlonfrantz.com

Class Counsel

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

# EXHIBIT A

[Date]

[Petitioning Claimant]

    Re:    *Pigford v. Johanns* Black Farmers Settlement
             Notice of Monitor's Intent to Consider Your Credit Claims and Non-Credit
             Claims Separately

Dear

      This letter concerns the *Pigford v. Johanns* Black Farmers settlement. You have filed a Petition requesting that the Monitor review the Claims Adjudicator's Decision in your case and direct that your claim be reexamined. Your Petition is presently being considered by the Monitor.

      Your Petition raises issues relating to claims that involve two different types of USDA programs --- **credit** benefits (USDA farm loans) and **non-credit** benefits (such as disaster benefits, cost-sharing under the Conservation Reserve Program etc.). The Monitor would like to have permission to decide these claims separately.

      The advantage to you of allowing the Monitor to separate the claims is that it is likely that the Monitor will decide the claims in your Petition regarding **credit** (farm loan) issues sooner than if she has to decide both the credit and non-credit issues together in one decision. If the Monitor approves your Petition, and the Adjudicator then approves your claim on Reexamination, then you will likely receive compensation and other relief sooner than if the Monitor decides your credit and non-credit claims together. You will receive compensation of $50,000 if you win your credit claim and $3,000 if you win your non-credit claim.

      The potential disadvantage to you of separating the claims is that if you lose on your credit claim, then USDA may proceed with acceleration and foreclosure on delinquent loans owed to USDA, even though your non-credit claim is still being considered by the Monitor or Adjudicator. This does not affect you if you do not have outstanding loans with USDA, OR if your loans are not delinquent.

      **If you DO NOT want the Monitor to separate your credit claims and non-credit claims, you must send a letter to the Claims Facilitator (at the address above) stating your objection within 30 days of this letter.**

If you have any questions about this Notice or have other concerns, please contact Class Counsel:

| David J. Frantz | Phillip Fraas | J.L. Chestnut |
| Anurag Varma | (202) 342-8864 | Rose Sanders |
| (202) 331-7050 | | (334) 875 9264 |