UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| TIMOTHY PIGFORD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MIKE JOHANNS, Secretary, <br> United States Department of Agriculture, <br><br> Defendant. | Civil Action No. 97-1978 (PLF) |
| CECIL BREWINGTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MIKE JOHANNS, Secretary, <br> United States Department of Agriculture, <br><br> Defendant. | Civil Action No. 98-1693 (PLF) |

MEMORANDUM OPINION AND ORDER

*A. "Emergency" Motions*

This matter comes before the Court on the "Emergency Hearing Motion to Enforce the Consent Decree Paragraph 6 and to Stay" various proceedings, filed on the Court's docket on February 15, 2007. This so-called motion is accompanied by a page containing multiple blank spaces for names and addresses which are filled in with two names: Dr. Dorothy F. Ford and Jesse Ford. This document is not the only one of its kind to have been submitted to the Court; hundreds of identical or substantially similar documents have been mailed directly to

the Chambers of the undersigned. Some of these mailings include the same so-called "motion" accompanied by a name and address page filled in with different names and addresses; others contain a seemingly random assortment of pages from the "motion;" and still others contain only a copy of the name and address page. These documents clearly were not prepared by the people who signed them. Evidently they were prepared by Ms. Thedford Rowser-Bey, who is described within the documents as a "Legal Researcher." (Ms. Rowser-Bey's name appears throughout the "motion," and the name and address page instructs those filling out the page to fax it to her.) The documents are reminiscent of numerous unsolicited communications that Ms. Rowser-Bey has faxed to Chambers regarding her view of the Pigford Consent Decree.

Ms. Rowser-Bey's "motion" contains an incorrect -- and often incoherent -- version of the history of this case, misstates the legal importance of various Orders and Opinions issued by this Court, and misinterprets the meaning of words and sentences in those Orders and Opinions. It also includes a variety of unfounded accusations. The Court will not address most of these accusations. In particular, the Court will not respond with any particularity to the attacks upon the various persons associated with this case, including class counsel, the lead attorney for defendants, and the neutrals appointed by this Court to oversee the Consent Decree (the Monitor, the Arbitrator, the Adjudicator, and the Facilitator), except to say that these attacks are wholly unwarranted, unjustified, and untrue. The Court will, however, address the motion's claim that the Court may re-open the Consent Decree at this time to new applicants who have never made timely submissions in this lawsuit. As discussed below, that claim is simply untrue. This lawsuit and the Consent Decree have been closed to new applicants for approximately seven years. To

suggest otherwise gives false hope to such persons that they somehow might obtain relief through this lawsuit.

### B. Pigford Claim Deadlines

The return receipts attached to these "motions" and the amount of money that has been spent to mail them suggest that the signatories believe they will be added to the class if their mailings reach the court by some impending deadline. That belief could only be based on inaccurate information.

There were two important deadlines for persons who wished to apply to become part of the Pigford settlement. The first deadline was the claims filing deadline: October 12, 1999. Those who missed that deadline were allowed to submit a request for permission to file a late claim. The deadline for submitting a request for permission to file a late claim was September 15, 2000. Both of these deadlines are final under the law of this case. Anyone who states otherwise or interprets the Court's Orders, Opinions, or the law under which this case was brought as saying otherwise is simply incorrect. To repeat: This case has been closed to new applicants for approximately seven years.

### C. Accurate Pigford Information

In 2000, the Court appointed a Monitor, Randi Ilyse Roth, to oversee various aspects of the Pigford Consent Decree. The Monitor's Office operates a website at www.pigfordmonitor.org. That website contains accurate, timely, and reliable information on the status of the lawsuit and settlement.

It has come to the Court's attention in the past, and now in these filings, that inaccurate information regarding the Pigford lawsuit has been distributed to many people. Anyone who has submitted one of these "motions" should be aware that they rely at their own peril on information given to them by persons who are not officially associated with this case. Information from such persons is not necessarily accurate or reliable. The Court hopes that this Memorandum Opinion and Order will help to clear up at least some of these inaccuracies.

For the reasons previously stated, the "Emergency" motion must be denied, as it does not contain any factual or legal reason for the Court to disturb the Consent Decree or the deadlines in that Consent Decree or to provide any other relief.

Accordingly, it is hereby

ORDERED that the "Emergency Hearing Motion to Enforce the Consent Decree Paragraph 6 and to Stay" [1379] and all identical and substantially similar motions that have been submitted to this Court but not filed on its docket are DENIED; and it is

FURTHER ORDERED that no further papers prepared or submitted by Ms. Thedford Rowser-Bey will be accepted for filing without prior leave of this Court.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 9/10/07