UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 24 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| TIMOTHY PIGFORD, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MIKE JOHANNS, Secretary, )<br>United States Department of Agriculture, )<br>)<br>Defendant. ) | Civil Action No. 97-1978 (PLF) |
| CECIL BREWINGTON, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MIKE JOHANNS, Secretary, )<br>United States Department of Agriculture, )<br>)<br>Defendant. ) | Civil Action No. 98-1693 (PLF) |

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Ms. Thedford Rowser-Bey's Motion for Relief from Judgment and Motion for Recusal ("Rowser-Bey Motion").[1]

On September 10, 2007, this Court issued a Memorandum Opinion and Order concerning a certain document entitled "Emergency Hearing Motion to Enforce the Consent Decree Paragraph 6 and to Stay" various proceedings. That document was filed on the Court's

---

[1] Because the actual title of this document runs to fifteen lines, the Court has substituted a shorter and more descriptive title. See Rowser-Bey Motion at 1.

docket on February 15, 2007 and bore the signatures of Dr. Dorothy F. Ford and Jesse Ford. As the Court explained then:

> [t]his document is not the only one of its kind to have been submitted to the Court; hundreds of identical or substantially similar documents have been mailed directly to the Chambers of the undersigned. Some of these mailings include the same so-called "motion" accompanied by a name and address page filled in with different names and addresses; others contain a seemingly random assortment of pages from the "motion;" and still others contain only a copy of the name and address page. These documents clearly were not prepared by the people who signed them. Evidently they were prepared by Ms. Thedford Rowser-Bey, who is described within the documents as a "Legal Researcher." (Ms. Rowser-Bey's name appears throughout the "motion," and the name and address page instructs those filling out the page to fax it to her.) The documents are reminiscent of numerous unsolicited communications that Ms. Rowser-Bey has faxed to Chambers regarding her view of the Pigford Consent Decree.

Pigford v. Veneman, Civil Action No. 97-1978, Memorandum Opinion and Order at 1-2 (D.D.C. Sept. 10, 2007) ("September 10, 2007 Memorandum Opinion and Order").

The Court went on to explain that Ms. Rowser-Bey's documents included a misleading account of the history of this case, incorrect interpretations of this Court's Orders and Opinions, and unfounded accusations directed at various persons associated with this case. Most importantly, those so-called motions erroneously suggested that "the Court may re-open the Consent Decree at this time to new applicants who have never made timely submissions in this lawsuit." Sept. 10, 2007 Memorandum Opinion and Order at 2.

Fearing that those who had signed Ms. Rowser-Bey's "motions" (and other members of the public) had been misled on this crucial point, the Court explained that this case and the Consent Decree have been closed to new applicants for seven years and referred those

seeking accurate information about the case to the website of the Monitor's Office, www.pigfordmonitor.org. In addition, to prevent further confusion and to ensure that this Court's docket would not be burdened by similarly repetitive, frivolous, and meritless motions in the future, the Court ordered that "no further papers prepared or submitted by Ms. Thedford Rowser-Bey will be accepted for filing without prior leave of this Court." Sept. 10, 2007 Memorandum Opinion and Order at 4.

Ms. Rowser-Bey has now submitted a new document to this Court. See Rowser-Bey Motion. It appears that Ms. Rowser-Bey is seeking leave to file a motion to vacate this Court's September 10, 2007 Memorandum Opinion and Order and to have the undersigned recuse himself from this case. Much of this purported motion is incomprehensible, but Ms. Rowser-Bey appears to argue that (1) the September 10, 2007 Memorandum Opinion and Order was fraudulently written and filed, perhaps by someone other than the undersigned, see Rowser-Bey Motion at 2 n.3; id. at 7-8; (2) if the undersigned did indeed write the September 10, 2007 Memorandum Opinion and Order, then the undersigned has demonstrated some sort of bias indicating that he can no longer adequately perform his judicial duties in this case, see id. at 7; and (3) the September 10, 2007 Memorandum Opinion and Order slandered, belittled, or degraded Ms. Rowser-Bey in some way. See id. at 7.

None of these arguments has any merit. The undersigned did indeed write the September 10, 2007 Memorandum Opinion and Order. That Memorandum Opinion and Order provides no basis for the suggestion that the impartiality of the undersigned "might reasonably be questioned." 28 U.S.C. § 455(a). Indeed, the law is clear that any alleged partiality or appearance of partiality must result from knowledge or bias acquired outside judicial proceedings and not, as

alleged here, from the court's previous rulings or decisions in the case. See Liteky v. United States, 510 U.S. 540, 554 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion."). Finally, the September 10, 2007 Memorandum Opinion and Order did not slander or degrade Ms. Rowser-Bey, but rather observed that the form motions she had apparently prepared and circulated relied on false information.

Accordingly, it is hereby

ORDERED that the document referred to herein as the Rowser-Bey Motion for Relief from Judgment and Motion for Recusal shall be accepted for filing and the Clerk is directed to docket it; it is

FURTHER ORDERED that the Rowser-Bey Motion for Relief from Judgment and Motion for Recusal is DENIED; and it is

FURTHER ORDERED that no identical or substantially similar documents will be accepted for filing without leave of this Court.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 1/24/08