UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TIMOTHY PIGFORD, *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Civil Action No. 97-1978 (PLF) | |
| ) | | |
| EDWARD T. SCHAFER, Secretary, ) | | |
| United States Department of Agriculture,[1] ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |
| CECIL BREWINGTON, *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Civil Action No. 98-1693 (PLF) | |
| ) | | |
| EDWARD T. SCHAFER, Secretary, ) | | |
| United States Department of Agriculture, ) | | |
| ) | | |
| Defendant. ) | | |

MEMORANDUM OPINION AND ORDER

This matter is currently before the Court on Defendant's Motion to Dismiss Shutts & Bowen's Petition for Implementation Fees and Its Request for an 80% Enhancement of Its Fee for Representing Teddy Miller, an opposition thereto by petitioner law firm Shutts & Bowen, LLP (hereinafter "Shutts & Bowen"), and defendant's reply in support of its motion.

---

[1] Petitioner's initial fee petition named Mike Johanns, former Secretary of Agriculture, as the party defendant. The Court now substitutes Edward T. Schafer, Mr. Johanns' successor, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

I.  BACKGROUND

This matter first came before the Court on Shutts & Bowen's motion for an interim award of attorneys' fees, costs and expenses.  See Shutts & Bowen, LLP's Motion for Interim Award of Attorneys' Fees, Costs and Expenses (June 19, 2006) ("Initial Motion").

After Shutts & Bowen's initial motion was filed, the United States Department of Agriculture ("USDA") moved for – and Shutts & Bowen consented to – "bifurcation" of this matter.  The parties asked the Court to address two preliminary legal issues raised by Shutts & Bowen's initial motion before considering the initial motion in its entirety.  See Motion to Bifurcate Shutts & Bowen's Fee Petition at 2.  Specifically, the parties asked the Court to decide (1) whether Shutts & Bowen is entitled to *any* attorneys' fees or costs for services related to "general implementation" of the Consent Decree governing this case, and (2) whether Shutts & Bowen is entitled to an 80% enhancement of its fees for its work on the successful Track B claim of Teddy D. Miller on the ground that the firm achieved "extraordinary success" for Mr. Miller.  The parties represented that, were the Court to decide these two "determinative issues," they would likely be able to reach a settlement as to the remainder of the issues in the initial motion. Id.  In the interest of conserving time, effort and judicial resources, the Court granted the USDA's unopposed motion to bifurcate and ordered the parties to submit briefs on the two preliminary issues identified above.  See Pigford v. Veneman, Civil Action No. 97-1978, Order at 2 (D.D.C. July 5, 2006).  The USDA then filed a motion to "dismiss" Shutts & Bowen's fee petition to the extent that it sought implementation fees and costs and a fee enhancement for the firm's work on Mr. Miller's Track B claim.  Shutts & Bowen submitted an opposition thereto, and the USDA submitted a brief in support of its motion.

II.  LETTERS TO THE COURT

On December 4, 2008, counsel for Shutts & Bowen hand-delivered to the Chambers of the undersigned a letter recounting the procedural history of this matter and informing the Court that Shutts & Bowen "is eager for a resolution of this matter." Letter to the Honorable Paul L. Friedman from Counsel for Shutts & Bowen at 2 (Dec. 4, 2008).  On December 8, 2008, counsel for the USDA responded to the above letter by way of another letter to Chambers.  Among other things, that letter stated that "the parties recently concluded that those portions of the fee petition that do not involve the bifurcated issues were previously resolved in a settlement agreement approved by the Court in December 2001." Letter to the Honorable Paul L. Friedman from Counsel for the USDA at 1 (Dec. 8, 2008).  On December 15, 2008, counsel for Shutts & Bowen submitted yet another letter to Chambers.  That letter took issue with the quoted statement from USDA's December 8, 2008 letter.  Specifically, counsel for Shutts & Bowen asserted that

> the parties have *not* concluded that those portions of Shutts & Bowen's Motion for Interim Award [Dkt. 1290] that were not bifurcated by this Court were resolved by a December 2001 settlement. . . .  This Court did not bifurcate Shutts & Bowen's entitlement to an unenhanced fee award for representing Mr. Miller.  The December 2001 settlement agreement referenced by the Government [in its December 8, 2008 letter] expressly preserved Shutts & Bowen's right to seek fees, expenses, and costs for representing Mr. Miller, and the parties have never even discussed the possibility that that settlement instead might have resolved Shutts & Bowen's claims for such fees.

Letter to the Honorable Paul L. Friedman from Counsel for Shutts & Bowen at 1 (Dec. 15, 2008). Finally, that same day, counsel for the USDA responded to counsel for Shutts & Bowen's second letter.  In that letter, counsel for the USDA asserted that

> [o]n September 30, 2008, petitioner asked if we could settle that portion of the pending fee petition that relates to 24 Track A claims (that do not involve the bifurcated issues). We agreed to, and did, make a settlement offer on those claims – but rescinded the offer when we discovered that those claims had been settled in December 2001. [We also asked] petitioner's counsel to let us know if he disagreed [with the government's view of the scope of the December 2001 settlement agreement]. We never heard back.
>
> Petitioner also asked at that time for a settlement offer on the Track B claim of Teddy Miller, which offer we made and remains outstanding. That offer directly involves the bifurcated issue of enhancement and, if accepted, would moot the issue.

Letter to the Honorable Paul L. Friedman from Counsel for the USDA at 1 (Dec. 15, 2008).

      As an initial matter, it must be noted that the manner in which the parties have chosen to communicate with the Court about these issues – that is, through informal letters to Chambers rather than through formal filings – violates the Local Rules of this Court. See L. Civ. R. 5.1(b) ("Except when requested by a judge, correspondence shall not be directed by the parties or their attorneys to a judge, nor shall papers be left with or mailed to a judge for filing."). The proper vehicle for seeking relief from the Court, or advising the Court of pertinent information, is a formal filing. Thus, the Court will order the parties to (1) cease submitting informal letters to the Court about these or any other issues (unless instructed to do so), and (2) file their informal letters of December 4, December 8 and December 15, 2008 on the public docket of this case.

      In addition, the Court will order the parties to meet, confer and file a joint report clarifying certain statements and suggestions contained in their informal letters because, to be frank, those letters raise more questions than they answer. For example, after reading the parties' letters, it is unclear to this Court whether one or both of the parties believe that the December

4

2001 settlement agreement referenced therein resolves Shutts & Bowen's claims for fees and costs for "general implementation" work. This is an important issue. If the parties agree that the December 2001 settlement agreement resolves Shutts & Bowen's claim for fees and costs incurred while performing "general implementation" work, then the first of the so-called "bifurcated issues" is moot. In addition, it is unclear to the Court whether, at this writing, the parties are actively engaged in negotiations about a settlement of Shutts & Bowen's claim for fees for its work on the Track B claim of Mr. Miller. Were the parties to settle that claim, of course, then the second of the so-called "bifurcated issues" would be moot. In short, the Court concludes that it would be unwise for it to take any further action in this matter until the parties have addressed the ambiguities identified above *and* clearly and jointly informed the Court what action (if any) they would like the Court to take at this time. Accordingly, it is hereby

ORDERED that the parties shall cease submitting informal letters to the Court unless the Court expressly requests such submissions; it is

FURTHER ORDERED that the parties shall, on or before December 24, 2008, file the four informal letters discussed above on the public docket of this case; it is

FURTHER ORDERED that on or before January 6, 2009, the parties shall meet, confer and file a joint report setting forth their views as to the following questions:

1. Does the December 2001 settlement agreement discussed above resolve Shutts & Bowen's claim for fees and costs incurred while performing "general implementation" work?

2. The parties' letters seem to suggest that the December 2001 settlement agreement does not resolve *all* of Shutts & Bowen's claims for fees, costs and expenses – that is, all of the fees, costs and expenses sought in Shutts & Bowen's initial motion. If that is true,

precisely which of Shutts & Bowen's claims fall outside the scope of the December 2001 settlement agreement?

3. Do the parties wish the Court to rule on the issue of Shutts & Bowen's entitlement to an 80% fee enhancement for its work on the Track B claim of Mr. Miller at the present time, or would the parties first prefer to attempt to reach a negotiated settlement of that particular claim?

4. In any event, do the parties wish to enlist the services of the Court's Alternative Dispute Resolution Program, a private mediator, or a magistrate judge to aid in settling any part of Shutts & Bowen's fee petition?; and it is

FURTHER ORDERED that the parties shall attach to their joint report any and all documents (including any final settlement agreements (not drafts) and relevant Orders of this Court) upon which their responses to the above questions rely – including but not limited to the December 2001 settlement agreement.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: December 19, 2008