UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————— )
                                                      )
TIMOTHY PIGFORD, *et al.*,                            )
                                                      )
            Plaintiffs,                               )
                                                      )
      v.                                              )      Civil Action No. 97-1978 (PLF)
                                                      )
TOM VILSACK, Secretary,                               )
United States Department of Agriculture,              )
                                                      )
            Defendant.                                )
———————————————————————— )
                                                      )
CECIL BREWINGTON, *et al.*,                           )
                                                      )
            Plaintiffs,                               )
                                                      )
      v.                                              )      Civil Action No. 98-1693 (PLF)
                                                      )
TOM VILSACK, Secretary,                               )
United States Department of Agriculture,              )
                                                      )
            Defendant.                                )
———————————————————————— )


MEMORANDUM OPINION AND ORDER

On December 20, 2012, the Court entered an Order pursuant to Paragraph 18 of

the Monitor's Order of Reference, filed April 4, 2000, directing that the unspent principal funds

from the Monitor's budget remaining in the Court Registry, in the amount of $439,447.00, be

returned to the United States Department of Agriculture ("USDA").  See Dkt. 1861.  On the

same date, the Court entered a separate Order directing the parties to brief the question of what

should be done with the accrued interest remaining in the Court Registry, then in excess of

$455,000.00.  See Dkt. 1862.  The parties now have filed their responses to the Court's Order.

Plaintiffs recommend and request that the accumulated interest be distributed under the *cy pres* doctrine in a manner similar to that used to distribute the accrued interest pursuant to the Settlement Agreement in <u>Keepseagle v. Vilsack</u>, Civil Action No. 99-3119 (D.D.C.).  USDA argues that the accrued interest in the Court Registry must be returned to the Department of Agriculture, both under this Court's prior orders and under the relevant case law. The Court agrees with USDA.

Paragraph 18 of the Monitor's Order of Reference (Dkt. 279) provides that when the Monitor's duties are completed, as they now are, "surplus funds on deposit with the Clerk's Office will be refunded to USDA."  Paragraph 2(c) of the Stipulation and Order regarding termination of the Monitor's responsibilities, dated September 21, 2011 (Dkt. 1755), states that "[t]he amount of any unspent funds in the Court Registry . . . shall be returned to USDA." Plaintiffs argue in support of their recommendation that neither order "gives direction as to the disposition of the accumulated interest on the funds in the registry."  Plaintiffs' Recommendation at 2.  Unlike the Settlement Agreement in <u>Keepseagle</u>, however, neither the Order of Reference nor the Stipulation and Order has any provision relating to application of the *cy pres* doctrine. And neither makes a distinction between unspent principal and unspent interest.  As USDA argues, the interest in the Court Registry "clearly qualifies as 'surplus funds' or 'unspent funds'" (Defendant's Response at 2), just as much as did the principal.  It therefore should be returned to USDA, just as the principal was.

As USDA also points out, the Department of Agriculture "is the undisputed owner of the principal on which the interest accrued," and "the general rule" is that "interest follows principal."  Defendant's Response at 2.  The rule that "'interest follows principal' has been established under English common law since at least the mid-1700's."  <u>Phillips v.</u>

Washington Legal Foundation, 524 U.S. 156, 165 (1998) (citing Beckford v. Tobin, 1 Ves. Sen. 308, 310, 27 Eng. Rep. 1049, 1051 (Ch. 1749)); see also Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155, 162-65 (1980); Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Arelma, Inc., 587 F.3d 922, 925 (9th Cir. 2009); Odyssey Stevedoring Corp. v. Celtic Venture, 817 F.2d 709, 711 (11th Cir. 1987).  There is no reason not to apply it here.

For these reasons, the Court will direct the Clerk of Court to forward all interest accrued in the Court Registry to the United States Department of Agriculture.  Accordingly, it is hereby

ORDERED that the Clerk of Court shall transfer whatever monies remain in the Court Registry to the United States Department of Agriculture.  This amount shall be sent to USDA at the following address via a service that tracks delivery and provides return receipts: USDA/Farm Service Agency, Financial Management Division, Financial Account Office, Beacon Facility – Mail Stop 8558 ATTN: Terry Luehrs, P.O. Box 419205, Kansas City, MO 64141-6205.  The Clerk of Court shall notify USDA's Office of General Counsel when the funds have been sent.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE:   April 16, 2013                    United States District Judge