UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY PIGFORD, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 97-1978 (PLF) |
| ) | |
| TOM VILSACK, Secretary, ) | |
| United States Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| CECIL BREWINGTON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 98-1693 (PLF) |
| ) | |
| TOM VILSACK, Secretary, ) | |
| United States Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Maurice G. McGinnis, who prevailed on a "Track A" claim in this case in 2008 but refused to cash his award check, moves to enforce the Consent Decree and seeks permission to vacate the results of his Track A adjudication and to arbitrate his claim under Track B instead. See Dkt. No. 1853 ("Mot."). Although Mr. McGinnis opted for Track A in the claim sheet that he completed with the assistance of counsel in August 1999, he maintains that shortly thereafter he informed the Claims Facilitator by telephone and in writing that he wished to pursue his claim under Track B. See Mot., Ex. A ¶ 2 ("McGinnis Decl."); id., Ex. 2 (letter to

Facilitator dated Sept. 1, 1999). Mr. McGinnis contends that the Facilitator erred by not complying and reassigning his claim to Track B. He further contends that after the Adjudicator initially denied his Track A claim, the Facilitator's error was compounded by the Monitor, who directed reexamination of the denial but did not order the claim to be arbitrated under Track B, as Mr. McGinnis requested in his petition for Monitor review. See Mot. at 4-6; McGinnis Decl., Ex. 3 at 1. Arguing that the Facilitator's error violated the Consent Decree, and that the limited damages available and awarded to him under Track A do not nearly approximate his actual losses, Mr. McGinnis moves under Section 13 of the Consent Decree for an order directing the Arbitrator to convene a hearing on his claim under Track B. See Mot. at 6. The USDA opposes Mr. McGinnis' motion, arguing that Section 13 of the Consent Decree does not authorize the relief he seeks and that other portions of the Consent Decree prohibit that relief.

The Court reserves judgment on whether the relief sought by Mr. McGinnis is authorized or permitted by the Consent Decree, and on whether, if so, he has demonstrated entitlement to that relief based on Facilitator error. In his petition for Monitor review, Mr. McGinnis argued, as he does here, that he "mistakenly chose the wrong Track and the facilitator failed to correct it"; he therefore requested "that his claim be remanded to the facilitator to be placed into Track B." McGinnis Decl., Ex. 3 at 1. "In the alternative," however, Mr. McGinnis asked "that his claim be remanded to the Adjudicator for readjudication," explaining that he failed to include with his claim sheet all of the information and documentation supporting his claim because he incorrectly believed that he would have the opportunity to do so later. Id. The Monitor's decision on Mr. McGinnis' petition for review — which issued a number of years after he filed that petition — explains why she did not remand the claim to Track B but instead

directed reexamination by the Adjudicator under Track A: "In his Petition, the Claimant also requests that his claim be arbitrated under Track B. Pursuant to discussions with the Facilitator, the parties and the Monitor have established that the Claimant will proceed as a Track A claimant." McGinnis Decl., Ex. 3 at 6 n.27; see id. at 25 n.125 ("Pursuant to discussions with the Facilitator, the parties and the Monitor have established that the Claimant will proceed as a Track A claimant.").

The Monitor's decision provides no further information about the conversations described in these two footnotes, including the identity of "the parties" who engaged in these discussions or when they took place. The footnotes suggest, however, that counsel speaking on behalf of Mr. McGinnis represented to the Facilitator or to the Monitor that Mr. McGinnis had changed his mind and wished to pursue only the alternative remedy sought in his petition — reexamination under Track A with a supplemented record — and not arbitration under Track B. For his part, Mr. McGinnis denies that he gave permission to relinquish his request for Track B arbitration, although he offers no specific information about whom, if anyone, he spoke to about this matter between the submission of his petition for review and the issuance of the Monitor's decision: "The Monitor's conclusion through a discussion with the Facilitator that I somehow abandoned my election of Track B is erroneous and entirely unsupported in the record. At no time since I advised the Facilitator of my original mistake did I suggest to anyone in the process that I agreed to a Track A election." McGinnis Decl. ¶ 4.

"As a general matter," our circuit has explained, "'[c]lients must be held accountable for the acts and omissions of their attorneys.'" Pigford v. Veneman, 292 F.3d 918, 925-26 (D.C. Cir. 2002) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 396-97 (1993)). The "presumption of client accountability for attorney conduct" applies in class

actions, as it does elsewhere, although that presumption may be more easily overcome in contexts where clients have not freely chosen their attorneys. Id. at 926; see Pigford v. Johanns, 416 F.3d 12, 20 (D.C. Cir. 2005). Here, it appears that attorneys representing Mr. McGinnis may have committed him exclusively to a Track A remedy, through statements made directly or indirectly to the Monitor. One assumes they would not have done so without consulting with their client. But the Court presently lacks critical information that might help it to sort this matter out.

Mr. McGinnis' petition for Monitor review, dated August 15, 2001, was signed and submitted by Alexander J. Pires, Jr., Esquire, one of the class counsel and co-lead counsel in this action. Because Mr. Pires withdrew as counsel in this case in June 2006, it is not clear whether he might have been involved in the discussions cited by the Monitor in her decision (which issued in January 2008) or whether his role would have been filled by co-lead counsel Phillip L. Fraas or David J. Frantz. Before rendering any determination on Mr. McGinnis' motion, the Court would like to know who spoke with the Facilitator or Monitor on behalf of Mr. McGinnis regarding this matter, what representations were made on his behalf, and what basis existed for these representations. The Court therefore will order Mr. Fraas and Mr. Frantz, as co-lead counsel and as officers of the Court, to consult their records (communicating with the Facilitator if necessary) and submit affidavits or declarations providing answers to these questions. If Mr. Fraas and Mr. Frantz determine that Mr. Pires was indeed involved in the discussions at issue here, they are directed to procure an affidavit or declaration from him.

Accordingly, it is hereby

ORDERED that on or before May 31, 2013, Phillip L. Fraas and David J. Frantz are directed to file with the Court affidavits or declarations that describe, to the best of their

ability given their existing records and recollections, (1) what representations were made by counsel to the Facilitator or Monitor regarding Mr. McGinnis' choice between Track A adjudication and Track B arbitration before the issuance of the Monitor's decision, (2) who made those representations, and (3) on what basis those representations were made.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: May 7, 2013                                      United States District Judge