UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY PIGFORD et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 97-1978 (PLF) |
| ) | |
| TOM VILSACK, Secretary, ) | |
| United States Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| CECIL BREWINGTON et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 98-1693 (PLF) |
| ) | |
| TOM VILSACK, Secretary, ) | |
| United States Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Theodore F.B. Bates, on behalf of himself and eight other plaintiffs who are members of the Bates family, has filed a *pro se* motion, a *pro se* amended motion, and an "objection and notice" requesting relief from the Court. See Dkt. Nos. 1956, 1957, and 1959 in Civil Action No. 97-1978. The defendant has filed a response opposing Mr. Bates' motions. See Dkt. No. 1958. Because it is clear that this Court lacks authority to grant the relief requested by these plaintiffs, the Court will not await a reply from Mr. Bates, and it will deny the motions and objection.

In the amended motion, Mr. Bates asks the Court to order the Track A Adjudicator "to pay the valid claims of the [Bates plaintiffs]." Dkt. No. 1957 at 9. He also requests that the Court allow him to withdraw from the Pigford class and proceed as the lead plaintiff in a new civil action. See id. This is not the first time that Mr. Bates has filed a motion with the Court requesting similar relief. In October 2012, Mr. Bates filed a motion that sought to reverse the denials of four Track A claims filed by him and three family members, and which also sought to permit four other family members — whose petitions to file late claims pursuant to paragraph 5(g) of the Consent Decree were denied by the Arbitrator — to have their claims adjudicated on the merits. See Dkt. No. 1845.

This Court denied Mr. Bates' earlier motion, as well as several related motions, concluding that it lacked jurisdiction to grant the requested relief. See Memorandum Opinion and Order (Jan. 29, 2013) [Dkt. No. 1873]; see also Order (Mar. 13, 2013) [Dkt. No. 1883] (denying Bates' motion for reconsideration). The same conclusion holds true with respect to the instant filings before the Court. Pursuant to the Consent Decree, this case was dismissed with prejudice in 1999. See Consent Decree ¶ 17, Pigford v. Glickman, Civil Action No. 97-1978 (D.D.C. Apr. 14, 1999); Pigford v. Glickman, 185 F.R.D. 82 (D.D.C. 1999). The Court retains jurisdiction over this matter solely to enforce the terms of the Consent Decree. Pigford v. Glickman, 185 F.R.D. at 110. Under the Consent Decree, the Court may not review decisions made by the Adjudicator or the Arbitrator. Consent Decree ¶¶ 9(a)(v), 10(i). For this reason, the Court lacks the authority to reverse the denials of the four Track A claims filed by Mr. Bates and three of his family members.

Similarly, no relief is available to the four plaintiffs whose petitions to file late claims pursuant to paragraph 5(g) of the Consent Decree were denied by the Arbitrator. As this

Court previously has explained, it "delegated the authority to decide these petitions — completely and finally — to [Arbitrator] Michael Lewis." Memorandum Opinion and Order (Nov. 26, 2001) [Dkt. No. 560] at 3; see also Order (Sept. 13, 2004) [Dkt. No. 994] at 2 ("The court will not consider any [5(g)] petition, either at the first instance or following denial and/or reconsideration by the Arbitrator."). Moreover, Congress afforded relief to unsuccessful 5(g) petition-filers by passing Section 14012 of the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, § 14012(b), 122 Stat. 1651 (2008). The four plaintiffs whose 5(g) petitions were denied thus had the opportunity to file a claim pursuant to that statutory authority.

For the foregoing reasons, the Court lacks the authority to grant the relief sought by the plaintiffs, and their motions will be denied. Accordingly, it is hereby

ORDERED that the motions and objection filed by Mr. Bates [Dkt. Nos. 1956, 1957, and 1959 in Civil Action No. 97-1978] are DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  December 8, 2014