UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                          )
TIMOTHY PIGFORD, et al.,                      )
                                                          )
                Plaintiffs,              )
                                                          )
                v.                             )     Civil Action No. 97-1978 (PLF)
                                                          )
TOM VILSACK, Secretary,                     )
United States Department of Agriculture )
                                                          )
                Defendant.            )
_____)
                                                          )
CECIL BREWINGTON, et al.,                )
                                                          )
                Plaintiffs,              )
                                                          )
                v.                             )     Civil Action No. 98-1693 (PLF)
                                                          )
TOM VILSACK, Secretary,                     )
United States Department of Agriculture )
                                                          )
                Defendant.            )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the defendant's motion to dismiss a petition for an award of attorney fees and costs filed by Boone Law Firm, P.A. ("Boone Law Firm"). Upon consideration of the parties' papers, the relevant legal authorities, and pertinent portions of the record in this case, the Court will grant the defendant's motion and dismiss the petition for attorney fees and costs with prejudice.[1]

---

[1] Relevant papers reviewed by the Court with respect to this matter include: Claimant's Motion for Award of Attorneys' Fees ("Fraas Fee Petition") [Dkt. No. 1917] and the memorandum in support thereof ("Fraas Fee Petition Mem.") [Dkt. No. 1918]; Boone's Motion for Award of Attorney fees and Costs ("Boone Fee Petition") [Dkt. No. 1927] and the

I.  BACKGROUND

Boone Law Firm seeks an award of attorney fees and costs for legal services provided to Mr. Edward L. Scott, Jr., a member of the Pigford class.  The Pigford case arose from decades of racial discrimination by the Department of Agriculture and local county commissioners in administering farm loans and benefits to African American farmers.  See Pigford v. Glickman, 185 F.R.D. 82, 85-90 (D.D.C. 1999).  The Consent Decree approved by this Court created a mechanism for resolving individual claims of class members outside the traditional litigation process.  Pigford v. Schafer, 536 F. Supp. 2d 1, 4 (D.D.C. 2008).  Class members could choose between two claims procedures, known as Track A and Track B.  Id.  Track A claims were decided by a third-party neutral known as an adjudicator, and claimants that were able to meet a minimal burden of proof were awarded $50,000 in monetary damages, debt relief, tax relief, and injunctive relief.  Id.  Track B imposed no cap on damages and also provided for debt relief and injunctive relief; but claimants who chose Track B were required to prove their claims by a preponderance of the evidence in one-day mini-trials before a third-party neutral known as an arbitrator.  Id.  Decisions of the adjudicator and the arbitrator were final, except that the Monitor, a court-appointed third-party neutral, could on petition direct the adjudicator and the arbitrator to re-examine claims if the Monitor determined that "a clear and

---

memorandum in support thereof ("Boone Fee Petition Mem.") [Dkt. No. 1927-1]; USDA's Motion to Dismiss, and to Bifurcate Consideration of, the Motion for Award of Attorney fees and Costs of Boone Law Firm, P.A. ("Def.'s MTD") [Dkt. No. 1930] and the memorandum in support thereof ("Def.'s MTD Mem.") [Dkt. No. 1930-1]; the Settlement Agreement Regarding Attorney fees and Expenses between Boone and USDA ("Settlement Agmt.") [Dkt. No. 1930-2]; Boone's Opposition to Motion to Dismiss ("Boone Opp'n") [Dkt. No. 1939] and the memorandum in support thereof ("Boone Opp'n Mem.") [Dkt. No. 1939-1]; and the Reply to Boone Law Firm, P.A.'s Opposition to Defendant's Motion to Dismiss the Motion for Award of Attorney fees and Costs ("Def.'s Reply") [Dkt. No. 1941].  All docket entries are from Civil Action No. 97-1978.

manifest error ha[d] occurred" that was "likely to result in a fundamental miscarriage of justice." Id. (citing Consent Decree ¶¶ 9(a)(v), 9(b)(v), 10(i), 12(b)(iii)).

Edward Scott was a farmer in Leflore County and Bolivar County, Mississippi until the early 1980s and a Track B claimant. Fraas Fee Petition Mem. 1-2. Boone Law Firm represented Mr. Scott from February 1999 to February 2001. Boone Fee Petition Mem. at 6. The arbitrator initially dismissed Scott's claim, but Mr. Scott's *pro se* motion for monitor review led to a reinstatement of his claim in 2006. Fraas Fee Petition Mem. 2. Attorney Phillip Fraas then represented Mr. Scott from 2006 onward. The arbitrator issued his decision in November 2011, finding that Mr. Scott's row crop and catfish farming operation had failed due to discriminatory lending practices by the Farmers' Home Administration. The arbitrator awarded Mr. Scott over $6 million in economic damages, $150,000 in non-economic damages, and full debt relief including over $241,000 in debt payments returned to Mr. Scott. Id. at 1, 4-5.

Phillip Fraas filed a motion for attorney fees, costs, and expenses in January 2014, relating to his work on Mr. Scott's Track B claim. See Fraas Fee Petition. Boone Law Firm then submitted a separate motion for attorney fees, costs, and expenses in May 2014. See Boone Fee Petition. Boone Law Firm requests $435,985.97 for attorney fees, paralegal fees, and expenses for legal services provided to Mr. Scott between 1999 and 2001, including "develop[ing] evidence that included the identification of Similarly Situated White Farmers (SSWFs), economic damage experts, losses related to row crops, catfish farms, catfish processing plant[s], and psychiatric damages," and introduction of the "constructive application" principle, which, according to the firm, also benefitted thousands of Track A claimants. Boone Fee Petition Mem. at 1-2, 12.

The defendant states that after Boone Law Firm filed its fee petition, the defendant learned of, and obtained a copy of, a March 2003 Settlement Agreement between the defendant and Boone Law Firm, in which the firm agreed to settle its claims for attorney fees related to the Pigford case.  Def.'s MTD Mem. at 2 & n.2.  The defendant then filed its motion to dismiss Boone Law Firm's fee petition, arguing that the Settlement Agreement bars the firm's fee petition.  See Def.'s MTD.[2]  Boone acknowledges that it entered into the March 2003 Settlement Agreement, but argues that Mr. Scott's claim was excluded from the settlement.  Boone Opp'n Mem at 2.

## II.  DISCUSSION

### A.  Legal Standard

Federal courts are courts of limited jurisdiction.  Under Article III's case or controversy requirement, federal courts may only decide "real and substantial controvers[ies]."  North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241 (1937)).  Federal courts have no jurisdiction over moot cases, see Worth v. Jackson, 451 F.3d 854, 857 (D.C. Cir. 2006), and such cases must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  The Court has "an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority . . . which includes the obligation to consider the possibility of mootness."  Lindell v. Landis Corp. 401(k) Plan, 640 F. Supp. 2d 11, 14 (D.D.C. 2009) (quoting

---

[2]  In the same motion, the defendant also moved to bifurcate the consideration of Boone Law Firm's petition from the consideration of Phillip Fraas' petition.  See Def.'s MTD.  On July 11, 2014, the Court granted the defendant's request to bifurcate, and held the motion in abeyance with respect to its argument for dismissal.  Order, Dkt. No. 1932.  Mr. Fraas' petition subsequently was withdrawn pursuant to a settlement agreement between him and the defendant.  See Dkt. No. 1955.

Abu Ali v. Gonzales, 387 F. Supp. 2d 16, 17 (D.D.C. 2005)) (omission in original) (internal quotation marks omitted). Claims that have been resolved by earlier settlement agreements, and therefore present no ongoing controversy, are moot. Id. Accordingly, although the defendant here does not specify the procedural rule governing its motion to dismiss Boone Law Firm's fee petition, the Court will analyze the defendant's motion to dismiss — which is based on the Settlement Agreement executed by the parties in 2003 — as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

Under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. Lindell v. Landis Corp. 401(k) Plan, 640 F. Supp. 2d at 14. When deciding a motion to dismiss for lack of subject matter jurisdiction, the Court must construe the complaint in the plaintiff's favor and treat all well-pled factual allegations as true. See Allen v. Nicholson, 573 F. Supp. 2d 35, 38 (D.D.C. 2008). The Court is not required, however, to accept unsupported inferences or "legal conclusions cast as factual allegations." Id. (quoting Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001)) (internal quotation marks omitted). Under Rule 12(b)(1), the Court may dispose of the motion on the basis of the complaint alone or it may consider materials beyond the pleadings, such as the proffered settlement agreement, "as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." Lindell v. Landis Corp. 401(k) Plan, 640 F. Supp. 2d at 14 (quoting Scolaro v. D.C. Bd. of Elections and Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000)) (internal quotation marks omitted).

### B. Analysis

Settlement agreements are contracts, and courts interpret them accordingly. Lindell v. Landis Corp. 401(k) Plan, 640 F. Supp. 2d at 15 (citing 13B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE JURIS. § 3533.2 (2d ed. 2002)); see also Dodge v.

5

Trs. of Nat. Gallery of Art, 326 F. Supp. 2d 1, 9 (D.D.C. 2004) ("When a case is settled extra-judicially through settlement agreements, this Court has applied the principles of contract law . . . to determine what claims the parties intended to foreclose from future litigation.") (citations omitted) (alteration omitted) (internal quotation marks omitted).  In such situations, "'the judicial task . . . is to give effect to the mutual intent of the parties,' and 'when the language of a contract is clear and unambiguous on its face, a court will assume that the meaning ordinarily ascribed to those words reflects the intention of the parties.'"  Pigford v. Schafer, 536 F. Supp. 2d at 10 (quoting Mesa Air Group, Inc. v. Dep't of Transp., 87 F.3d 498, 503 (D.C. Cir. 1996)) (omission in original).  Any assertions of ambiguity in the terms of the agreement must be established by objective evidence.  See id.

The March 2003 Settlement Agreement between Boone and the defendant contains only four paragraphs, and the key portion states that:

> Defendant shall pay to Boone Law Firm, P.A., attorney's fees, expenses, and costs in the amount of $580,000 (five-hundred eighty thousand dollars) in full and final settlement of any and all claims by the Boone Law Firm pursuant to any statute or any other basis, for attorneys' fees, expenses, and costs related in any way to any aspect of the [Pigford or Brewington] actions for work performed through the date that this Settlement Agreement is signed by the representative for the Boone Law Firm. Included within the claims settled are any claim for fees, costs, and expenses related to litigation of these cases, implementation of the Consent Decree in these cases, prosecution of Track A adjudications or Track B arbitrations under the Consent Decree in these cases, as well as any claim for enhancement of fees, costs, or expenses. The foregoing sentence does not operate as a limitation on the claims hereby settled.
>
> The Boone Law Firm hereby releases Defendant and her successors, and the United States of America and any department, agency, or establishment thereof, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any additional liability for attorney's fees,

>expenses, or costs pertaining to the Boone Law Firm with respect
>to the claims settled by this Settlement Agreement.

Settlement Agmt. ¶¶ 1-2.

Although Boone Law Firm argues that Mr. Scott's Track B claim was excluded from the scope of the Settlement Agreement, nothing in the plain language of the Settlement Agreement provides for such a limitation. To the contrary, the unambiguous language of the Agreement provides for the "full and final settlement" of "any and all claims" for attorney fees, costs, and expenses related to the Pigford class action, specifically including any claim for fees, costs, and expenses related to Track B arbitrations. Settlement Agmt. ¶ 1; see also Hershon v. Gibraltar Bldg. & Loan Ass'n, Inc., 864 F.2d 848, 852 (D.C. Cir. 1989) (agreement providing for the release of "any and all Claims" is clear and unambiguous). Boone Law Firm cannot point to any ambiguity in the Agreement's expansive language. And contrary to Boone's contention that the absence of a specific reference to Mr. Scott's claim indicates its exclusion from the settlement, the Agreement's settlement of "any and all" fee claims "related in any way to any aspect" of these actions for work performed through March 20, 2003, squarely encompasses Boone's work — performed from February 1999 to February 2001 — on Mr. Scott's case. By ignoring the plain language of the Agreement, Boone Law Firm fails to acknowledge that the firm has already been compensated for the legal fees, costs, and expenses it incurred related to Mr. Scott's claim.

The Court also rejects Boone Law Firm's argument that because Mr. Scott had not yet prevailed in his claim at the time of settlement — and because under the Equal Credit Opportunity Act ("ECOA") and the Consent Decree in this case, only prevailing parties may seek fees — the firm's fee petition must not be precluded by the Settlement Agreement. See Boone Opp'n Mem. at 4-6. Parties settle to avoid future risks and uncertainties. See Panhandle

7

E. Pipe Line Co. v. FERC, 95 F.3d 62, 74 (D.C. Cir. 1996) ("Parties settle in order to avoid the risk that they might do worse by litigating . . . ; both parties to a settlement accept the risk that they might have done better by fighting."). Regardless of whether Boone Law Firm could have filed a successful motion for attorney fees related to Mr. Scott's claim at the time of settlement, the parties were entitled to settle the claims at issue to avoid the risks each faced: the defendant avoided the possibility that in the future it might have to pay a higher amount of fees and costs arising from Boone's work on Mr. Scott's claim, while Boone Law Firm avoided the possibility that it would not be paid for Mr. Scott's claim at all, should his Track B claim ultimately fail. For the same reason, the Court rejects the firm's argument that the Settlement Agreement lacked legal consideration for Boone's release of future claims against the defendant with respect to the firm's work for Mr. Scott: both parties bargained for a known outcome, rather than face the risks of future litigation.

Finally, the Court rejects the firm's arguments concerning misrepresentation or fraud. Boone Law Firm contends that the defendant represented to the firm that Mr. Scott's claim was excluded from the Settlement Agreement, relying solely on a February 2003 letter sent to Boone by the Department of Justice during the course of their negotiations.[3] In response to an offer from Boone Law Firm, the defendant had noted that:

> [The firm's] $1 million offer includes approximately $40,000 for one-half the fees and all of the expenses related to the Ed Scott Track B case. The Ed Scott matter remains pending, *i.e.*, it has yet to be concluded successfully for the claimant, and no defendant liability for fees or expenses has attached.

---

[3] It is a widely accepted principle of contract law that parol evidence is inadmissible to contradict the terms of an agreement. See RESTATEMENT (SECOND) OF CONTRACTS § 213 (1981). The parol evidence rule does not apply, however, when a party to the contract alleges fraud, as Boone Law Firm does here. See id. § 214(d).

8

Boone Opp'n Ex. A at 1.  Boone Law Firm argues that this letter "clearly represented that Scott's Track B claim was excluded from consideration in the settlement discussions" and maintains that it relied on this representation when entering into the agreement.  The firm argues that the defendant's attempt to preclude Boone Law Firm's present petition for attorney fees by reference to "boilerplate language" in the Settlement Agreement constitutes a material misrepresentation or fraud.  Boone Opp'n Mem. at 5.

The letter, however, reveals little more than ongoing negotiation between the defendant and Boone Law Firm regarding the amount of settlement.  The Court agrees that the defendant was entitled to cite the legal uncertainty regarding whether Boone Law Firm might ever be awarded fees for its work on Mr. Scott's case as leverage to moderate the firm's fee demand, see Def.'s Reply at 4-5, just as Boone Law Firm was free to insist on a higher settlement amount.[4]

### III.  CONCLUSION

For the foregoing reasons, the Court concludes that Boone Law Firm's claim against the defendant is moot.  Accordingly, it is hereby

ORDERED that the defendant's motion [Dkt. No. 1930] to dismiss Boone Law Firm's Motion for Award of Attorney Fees and Costs is GRANTED; and it is

---

[4] Which, the Court notes, it successfully obtained.  Compare Boone Opp'n Ex. A at 2 ($495,000 settlement offer from the defendant), with Settlement Agmt. ¶ 1 ($580,000 settlement amount).

FURTHER ORDERED that Boone Law Firm's Motion for Award of Attorney Fees and Costs [Dkt. No. 1927] is DENIED. This is a final appealable order. See FED. R. APP. P. 4(a).

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: December 17, 2014