UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY PIGFORD et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 97-1978 (PLF) |
| ) | |
| TOM VILSACK, Secretary, ) | |
| United States Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| CECIL BREWINGTON et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 98-1693 (PLF) |
| ) | |
| TOM VILSACK, Secretary, ) | |
| United States Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion for attorneys' fees, costs, and expenses filed by the law firm of Cross & Kearney PLLC. The firm seeks $349,822.09 for work performed and expenses incurred in connection with Warren Miller's Track B claim. In addition, Cross & Kearney requests $25,750.00 for fees incurred by its counsel, David Fierst of Stein, Mitchell, Muse, Cipollone & Beato, LLP, in the preparation of the fee motion and related filings. The United States Department of Agriculture ("USDA") does not dispute that Mr. Miller is a prevailing party or that Cross & Kearney's is entitled to attorneys' fees. Rather, it argues

that Cross & Kearney's petition for a fee award should be dismissed as time-barred or, in the alternative, that the award should (1) be reduced across-the-board by 50% for billing for work on unsuccessful claims; (2) exclude non-compensable time entries in whole or in part; and (3) not include as many fees for Cross & Kearney's counsel in preparing the fee motion and reply. Upon consideration of counsel's time records, the parties' arguments and documentary submissions, and the relevant legal authorities, the Court will grant Cross & Kearney's motion in part and deny it in part. It will award fees and expenses to Cross & Kearney in the amount of $120,000, and to Stein, Mitchell, Muse, Cipollone & Beato in the amount of $10,000.[1]

USDA raises very substantial arguments that Cross & Kearney's motion is time-barred by statutes, rule, a prior order of this Court, or the equitable doctrine of laches. See Opp. at 8-11; Surreply at 3-8. On the merits, it maintains that if fees are awarded, any fee award should be significantly reduced because: (1) Cross & Kearney's time sheets are unreliable; (2) Mr. Miller prevailed on less than half of his claims and those which he lost were unrelated to those which he won; much of the work for which Cross & Kearney seeks fees therefore was irrelevant; (3) much of the firm's work was unproductive or unnecessary; (4) the hours spent reviewing financial and farm records were excessive; (5) the time spent meeting and communicating with Mr. Miller was excessive; (6) the eighty-two hours spent by a paralegal reconstructing and reviewing time sheets was excessive; (7) the time spent preparing for the

---

[1] Relevant papers reviewed by the Court with respect to this matter include the following, for which docket entries refer to Civil Action No. 97-1978: Motion of Cross & Kearney PLLC for Attorneys' Fees and Expenses ("Mot.") [Dkt. No. 1961]; Defendant's Motion to Dismiss Petition of Cross & Kearney PLLC for Attorneys' Fees and Expenses ("Opp.") [Dkt. No. 1975]; Reply of Cross & Kearney PLLC to Opposition to Motion for Attorneys' Fees and Expenses ("Reply") [Dkt. No. 1978]; Defendant's Combined Reply in Support of His Motion to Dismiss the Petition for Attorneys' Fees and Expenses For the Track B Claim of Warren Miller and Surreply in Opposition to Petition ("Surreply") [Dkt. No. 1989]; Office of the Monitor Decision Re: Petition of Warren Miller (July 10, 2008); and, Arbitrator's Decision on Reexamination Re: Petition of Warren Miller (Nov. 29, 2010).

Monitor's decision and the Arbitrator's reexamination is non-compensable; (8) a number of specific time entries are inflated; (9) the time spent by Cross & Kearney for clerical work performed by attorneys and paralegals is non-compensable; and (10) the $550 hourly rate for preparation of the fee petition and the reply should be reduced to the Laffey rate of a junior attorney—$255 per hour—to better reflect the lack of complexity involved in fee litigation. See Opp. at 8-23; Surreply at 8-18.

USDA's bottom line is that, if the Court does not reject the fee petition on timeliness grounds, the fee awarded to Cross & Kearney should not exceed $93,161.98, and the fee awarded to its counsel should be substantially less than the $25,750 requested. See Opp. at 22-23; Surreply at 18.

For now, the Court will skip over the timeliness issues USDA has raised. Instead, having reviewed the time records submitted, and having carefully considered the submissions of counsel and the relevant case law, the Court concludes that a fair result under all the circumstances would be to award Cross & Kearney $120,000 in attorneys' fees, costs, and expenses and to award its counsel, Stein, Mitchell, Muse, Cipollone & Beato, $10,000 in attorneys' fees. The Court therefore will grant Cross & Kearney's motion in part and give the parties thirty (30) days to file a stipulation agreeing to this determination as a final decision with no right of appeal by any party. Alternately, absent such an agreement, either side may file a motion to reopen or for reconsideration — which the Court will grant, after which it will first consider USDA's timeliness arguments and then, if appropriate, decide whether on the merits movant has justified an award larger than $120,000.

Accordingly, it is hereby

ORDERED that the Motion of Cross & Kearney PLLC for Attorneys' Fees and Expenses [Dkt. No. 1961] is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that the parties shall have thirty (30) days up to and including October 30, 2015 to submit a stipulation agreeing to this determination as a final decision with no right of appeal by any party, or, alternatively, a motion to reopen or reconsider; and it is

FURTHER ORDERED that, within thirty (30) days of the approval of the stipulation, the United States Department of Agriculture shall pay Cross & Kearney PLLC $120,000 in attorneys' fees, costs, and expenses, and Stein, Mitchell, Muse, Cipollone & Beato, LLP $10,000 in attorneys' fees.

SO ORDERED

DATE: 9/30/15

PAUL L. FRIEDMAN
United States District Court