```
```
---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY PIGFORD et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 97-1978 (PLF) |
| ) | |
| TOM VILSACK, Secretary, ) | |
| United States Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| CECIL BREWINGTON et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 98-1693 (PLF) |
| ) | |
| TOM VILSACK, Secretary, ) | |
| United States Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion for attorneys' fees, costs, and expenses filed by Faya Rose Toure, a/k/a Rose M. Sanders ("Ms. Sanders"), which seeks $11,871.20 for work performed and expenses incurred between January 1, 2015 and January 28, 2016, implementing the Consent Decree in this case. The United States Department of Agriculture ("USDA") does not dispute that Ms. Sanders is entitled to an appropriate fee for her work on the final implementation of the Consent Decree during a portion of this time. Upon consideration of Ms. Sanders's time records, the parties' arguments and documentary

submissions, and the relevant legal authorities, the Court will grant Ms. Sanders's motion in part and deny it in part. It will award fees and expenses to Ms. Sanders in the amount of $7,500.[1]

USDA argues that if fees are awarded, any fee award should be significantly reduced because Ms. Sanders's time sheets:  (1) include three non-payable hours for work that Ms. Sanders performed after the entry of the Wind-down Stipulation and Order, Dkt. 2008, on November 2, 2015; (2) do not reflect contemporaneous record-keeping and therefore are unreliable; (3) lack sufficiently detailed descriptions of the work she performed, precluding adequate judicial review; (4) include non-payable hours she spent preparing a prior fee motion; (5) include non-payable hours she spent "revising a one-sentence WHEREAS clause in the wind-down stipulation, and contemplating whether to stipulate to her own revised language"; (6) include non-payable hours she spent discussing non-essential issues with her husband, Hank Sanders, a lawyer also representing the class; (7) include duplicative entries; and (8) include a number of specific time entries that are inflated. See Opp. at 2-17.  USDA's bottom line is that the fee awarded to Ms. Sanders should not exceed $2,533.28.  Id. at 17.  The Court does not agree.

For now, the Court will not address each one of USDA's separate arguments, but will offer the following observations. USDA's first argument has merit insofar as Ms. Sanders's time sheet includes three hours after November 2, 2015, and the Wind-down Stipulation and Order provides for fees "for legal work performed by . . . Faya Rose Toure . . . on the wind down

---

[1] Relevant papers reviewed by the Court with respect to this matter include the following, for which docket entries refer to Civil Action No. 97-1978: Motion for Attorney's Fees, Costs, and Expenses, Incurred by Faya Rose Toure f/k/a Rose M. Sanders, For Implementation Work During the Period From January 1, 2015 – January 28, 2016 ("Mot.") [Dkt. 2023]; Defendant's Response to the Petition of Faya Rose Toure a/k/a Rose Sanders for Final Implementation Fees ("Opp.") [Dkt. 2024]; Sanders's Response to Defendant's Challenge to Fee Petition [Dkt. 2035]; and Defendant's Reply to Sanders's Response [Dkt. 2034].

. . . up to and including the date of entry of this Stipulation and Order." <u>See</u> Dkt. 2008 at 5, ¶ 1(a)(7) (Nov. 2, 2015).  Likewise, USDA makes a strong case that the nearly three hours of time Ms. Sanders spent litigating her prior fee motion on February 9, 2015 is not "work performed . . . on the wind down," <u>see</u> Dkt. 2008 at 5, ¶ 1(a)(7), or cannot be compensated at Ms. Sanders's hourly rate.  <u>See</u> <u>Blackman v. Dist. of Columbia</u>, 56 F. Supp. 3d 19, 27 (D.D.C. 2014) ("[F]ee litigation usually is not complex" and "[t]here is no reason[] why most of the work done in the preparation of the fee petitions could not have been performed by a more junior (and less expensive) attorney.").  On the other hand, several of USDA's arguments lack merit.  The Court has already determined that Ms. Sanders's work on the "WHEREAS clause" is compensable, <u>see</u> <u>Pigford v. Vilsack</u>, No. 97-1978, 2015 WL 7432322, at *3 (D.D.C. Nov. 23, 2015), and therefore the only question here is whether the time Ms. Sanders spent on the "WHEREAS clause" was excessive.  In that same prior Opinion, the Court also held that Ms. Sanders's conversations with her husband, Hank Sanders, were the sort of "brainstorming among attorneys" that "is precisely the sort of work that counsel should do in the course of working to implement the Consent Decree."  <u>Id</u>. at *5.

   Having reviewed the time records submitted and having carefully considered the submissions of counsel and the relevant case law, the Court concludes that a reasonable result under all the circumstances would be to award Ms. Sanders $7,500 in attorneys' fees, costs, and expenses.  The Court therefore will grant Ms. Sanders's motion in part and give the parties thirty days to file a stipulation agreeing to this determination as a final decision with no right of appeal by any party.  Alternatively, absent such an agreement, either side may file a motion to reopen or for reconsideration — which the Court will grant, after which it will decide whether on the

merits movant has justified an award larger or smaller than $7,500. For these reasons, it is hereby

ORDERED that the Motion for Attorney's Fees, Costs, and Expenses, Incurred by Faya Rose Toure f/k/a Rose M. Sanders, For Implementation Work During the Period From January 1, 2015 – January 28, 2016, Dkt. 2023, is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that the parties shall have thirty (30) days up to and including June 20, 2016 to submit a stipulation agreeing to this determination as a final decision with no right of appeal by any party, or, alternatively, a motion to reopen or reconsider; and it is

FURTHER ORDERED that, within thirty (30) days of the approval of the stipulation, the United States Department of Agriculture shall pay Ms. Sanders $7,500 in attorneys' fees, costs, and expenses.

SO ORDERED

/s/_____
PAUL L. FRIEDMAN
DATE:  May 20, 2016                                                  United States District Court