UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
TIMOTHY PIGFORD, et al.,                )
                                                    )
        Plaintiffs,                            )
                                                    )
    v.                                           )    Civil Action No. 97-1978 (PLF)
                                                    )
SONNY PERDUE, Secretary,             )
United States Department of Agriculture, )
                                                    )
        Defendant.                            )
_____ )
                                                    )
CECIL BREWINGTON, et al.,           )
                                                    )
        Plaintiffs,                            )
                                                    )
    v.                                           )    Civil Action No. 98-1693 (PLF)
                                                    )
SONNY PERDUE, Secretary,             )
United States Department of Agriculture, )
                                                    )
       Defendant.                            )
_____ )

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on a motion for reconsideration [Dkt. No. 2067] which pertains to Maurice McGinnis's Track B arbitration claim in this case. The motion seeks reconsideration of the Court's opinion and order granting the government's motion to dismiss the petition for monitor review of Mr. McGinnis's claim. See Pigford v. Perdue, Nos. 97-1978, 98-1693, 2018 WL 2451213 (D.D.C. May 31, 2018).

       The Court earlier dismissed the petition because Mr. McGinnis had failed to demonstrate any "clear and manifest error" in the arbitration record and because the consent

decree explicitly bars any re-set of deadlines under Track B of the governing consent decree, thus rendering monitor review of the petition futile. See Pigford v. Perdue, 2018 WL 2451213 at *6-8. In doing so, the Court noted its discomfort in dismissing the petition of someone whose competence was now in question – the petition for monitor review had been based, in large part, on Mr. McGinnis's alleged incompetence and counsel had submitted evidence of Mr. McGinnis's diminished capacity, including an order from the Chancery Court of Humphreys County, Mississippi, finding him unable to handle his financial affairs as a result of mental infirmities and appointing Derrick K. Jones as conservator for his person and estate. See id. at *9. The Court concluded, however, that because Mr. McGinnis's counsel – John M. Shoreman – had failed to earlier raise the issue of his competence or otherwise advocate for his client as filing deadline after filing deadline passed in the Track B proceeding, the matter would be more properly resolved in a separate malpractice action brought by Mr. Jones, as conservator, against Mr. Shoreman. See id.

Although the Court issued this ruling on the merits, in its opinion the Court also noted that Mr. Shoreman had failed to comply with Rule 25 of the Federal Rules of Civil Procedure. See Pigford v. Perdue, 2018 WL 2451213 at *4 n.2. Mr. Shoreman purported to file both the petition for monitor review and the opposition to the government's motion to dismiss the petition on behalf of Mr. Jones, as conservator for the person and estate of Mr. McGinnis. But as the Court made clear, Mr. Jones had never been properly substituted as a party pursuant to Rule 25(b), nor had Mr. Shoreman ever filed anything to formally indicate whether he had been retained by Mr. Jones in his capacity as conservator. See id.

Despite this guidance from the Court, Mr. Shoreman has now filed a motion for reconsideration that is even more confusing and bizarre than his earlier filings. Mr. Shoreman

signed and submitted the motion itself, a two-page summary document that purports to be filed on behalf of Mr. McGinnis, by and through Mr. Jones as conservator. See Mot. But attached as Exhibit A to this bare-bones motion is what Mr. Shoreman describes as a "[v]erified motion and memorandum of the Conservator, Derrick Jones." See Mot. at 2. This attachment, in turn, appears to serve as the legal memorandum in support of the motion for reconsideration and states on its face that it is submitted by "Plaintiff, Maurice McGinnis, Pro Se, by and through Derrick K. Jones, conservator for the person and estate of Maurice McGinnis." See Mot. Ex. A at 1.

This filing presents numerous problems. Mr. Shoreman filed the motion on behalf of a client he has vigorously argued to be legally incompetent. Although he has filed the motion on behalf of that client by and through an alleged conservator, the alleged conservator still has never been substituted as a party in this case pursuant to Rule 25(b). Furthermore, while Mr. Shoreman purports to have filed the motion on behalf of Mr. Jones as conservator, Mr. Shoreman himself attached a document as Exhibit A to that motion in which Mr. Jones purports to be proceeding pro se. This quagmire is one which not only violates the Federal Rules of Civil Procedure, but may very well reflect violations of Mr. Shoreman's professional and ethical obligations of competence and communication.

For the foregoing reasons, it is hereby

ORDERED that the motion for reconsideration [Dkt. No. 2067] is DENIED WITHOUT PREJUDICE. The Court suggests that it may be wise for Mr. Shoreman to consult with counsel regarding the appropriate manner for him to proceed in this case. The Court notes

that it will consider a motion for reconsideration on its merits only if and when the individual bringing the motion has been properly substituted as a party pursuant to Rule 25.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 6, 2018